KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

June 6, 2025                                                                                      VIA ECF

Hon. Ona T. Wang
U.S. District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   **Request to Adopt Defendants' Proposed Protective Order**
      *In re OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143 (S.D.N.Y.)
      This Document Relates To: All Actions

The parties met and conferred regarding entry of an omnibus protective order and disagree on a subset of issues. Defendants attach their proposal as <u>Exhibit A</u> and a redline against Defendants' best understanding of Plaintiffs' proposal as <u>Exhibit B</u>.[1]

**Plaintiffs' Refusal To Allow Use Of Plaintiff Discovery Across The MDL Prejudices Defendants (Paragraph 6)**

Cross-production and use of discovery is a standard practice in multi-district litigation.[2] In recognition of this principle, the Court has required the "parties" to cross produce documents. *See, e.g.*, Dkt. 78 at 1. Defendants' proposal is consistent with the Court's directive and with effective use of the MDL device. Ex. A ¶ 6. But while Plaintiffs insist that Defendants cross-produce so Plaintiffs can use Defendants' discovery in the MDL, Plaintiffs refuse any reciprocal obligation.

Under Plaintiffs' proposal, Defendants may only use a particular plaintiff's discovery material in that plaintiff's individual action. Several examples illustrate the prejudice and burden caused by Plaintiffs' proposal, which would prevent:

- Discovery conferrals with Plaintiffs as subgroups (*i.e.*, conferrals with Class Plaintiffs, News Plaintiffs, or any combination of the two) if that conferral involves discussion of an individual plaintiff's protected discovery material.
- Relying on an individual plaintiff's confidential document to support an omnibus motion directed at claims common to other News and/or Class Plaintiffs.

---

[1] Plaintiffs' filed proposal reflects a deletion of text from Paragraph 27(b) which was never raised with Defendants. *See* Dkt. 99-2 ¶ 27(b). Defendants believe this deletion was inadvertent but reserve their rights to address the edit if Plaintiffs claim otherwise.

[2] *See, e.g.*, Protective Order, *In re Google Dig. Advert. Antitrust Litig.*, 1:21-md-03010, Dkt. 564 ¶ 2(e) (June 2, 2023 S.D.N.Y.) ("Shared Discovery that was produced in a Coordinated Case may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial), as if the Shared Discovery had been produced in both Coordinated Cases.").

- Using discovery produced by individual plaintiffs who are encompassed within the class definition in the Consolidated Class Complaint to show a class cannot be certified, including because the claims of those plaintiffs present individualized issues.

Defendants need to reference Plaintiffs' documents to litigate these Actions efficiently, *e.g.*, to brief discovery issues, examine witnesses, move for summary judgment, prepare expert reports, and oppose class certification. Plaintiffs' proposal—limiting use of a plaintiff's documents to that plaintiff's case—contravenes the purpose of this MDL. It also gives Plaintiffs all the benefits of an MDL but withholds them from Defendants.

Plaintiffs provide no reasonable explanation for their one-sided proposal for cross-use. In fact, Plaintiffs in the Class Cases cross-produced documents within their previously-consolidated cases without issue. In the parties' conferral, Plaintiffs raised concerns that Defendants could show a plaintiff's confidential documents to its competitor at deposition.[3] Defendants appreciate (and share) that concern, but it is best (and more narrowly) addressed by limiting when a witness can be shown a protected document at deposition, not whether the documents should be cross-produced.

Defendants' proposal imposes no burden on Plaintiffs. Defendants are not asking Plaintiffs to re-produce prior productions, as Plaintiffs insist Defendants must do. Defendants' proposal simply allows for *use* of Plaintiffs' materials across the MDL. That use is necessary to achieve the purposes of proceeding in an MDL.

**The Court Should Maintain Restrictions On Use Of Protected Material At Deposition (Paragraphs 23(f) & 24(g))**

Defendants seek to maintain rules for disclosure of protected material to deponents, consistent with terms the parties negotiated in prior protective orders and the Court's directive. Under Defendants' proposal, deponents may view Confidential material where "disclosure is reasonably necessary," and AEO material where the witness is a current officer, director, or employee of the producing party. In addition, a witness may always be presented a document if they are the author, recipient, or custodian or otherwise know the information within the document. *Compare* Ex. A ¶¶ 23(f-g), 24(f-g), 25(e-f), 27(e-f) *with Daily News,* Dkt. 129 ¶¶ 13(f-g), 14(f) (as adopted by *New York Times*); *Author's Guild*, Dkt. 338, ¶¶ 15(f-g), 16(g-h); *Tremblay*, Dkt. 106 ¶¶ 7.2(f), 7.3(f).

Despite that, Plaintiffs depart from these negotiated limits and attempt to relitigate these issues:

- In Paragraph 23(f), Plaintiffs remove the requirement that disclosure of "Confidential" material to a witness must be "reasonably necessary."
- In Paragraph 24(g), Plaintiffs want to show a Defendant's current or former employees any Defendant's AEO materials. (In other words, Plaintiffs could show OpenAI's

---

[3] Despite Plaintiffs' concern over the potential disclosure of their documents to competitors, they seek to remove protections governing the disclosure of Defendants' documents to competitors, as discussed below.

>   protected materials to a Microsoft employee.)  Plaintiffs' edit would not, however, allow Defendants to treat Plaintiffs' AEO material in the same manner.

The language Plaintiffs strike from Paragraph 23(f) is the same language the Times assured the Court would prevent them from "just taking random documents out of the blue that have nothing to do with a particular witness."  *New York Times*, Jan. 22, 2025 Hr'g Tr. 9:18-21.  The Court should hold Plaintiffs to their word and require disclosure to a witness with no ties to a confidential document only when "reasonably necessary."

As to Paragraph 24(g), Plaintiffs' proposal does not require that the witness be bound by the protective order, that the witness have any relationship to or prior knowledge of the content of the AEO document, or even that the witness have a relationship with the Defendant (given that the proposal would allow any current or former employee of one defendant to review another defendant's AEO material).

Removing these requirements is an issue because, among other things, OpenAI and Microsoft are competitors in the AI marketplace.  Plaintiffs' proposal permits disclosure of one Defendant's sensitive materials to the other Defendant's employees, even though Defendants are competitors and even when doing so is not reasonably necessary.  It also permits disclosure to former employees, some of which now work for *other* competitors in the marketplace.[4]  To make matters worse, Plaintiffs' proposal simultaneously denies Defendants the same leeway when using Plaintiffs' materials.  Beyond the facial asymmetry of that position, it cannot be reconciled with Plaintiffs' opposition to cross-use, which is premised on Plaintiffs' concern that their own materials will be shared with competitors.

OpenAI and Microsoft have the same concern and deserve the same protections for private, trade secret, and sensitive business information that Plaintiffs demand for themselves.  Nor is stripping away such protections necessary for Plaintiffs to litigate their case given other provisions that allow Plaintiffs to use documents at depositions where there is foundation to do so.  The Court previously held as such in January.  *New York Times*, Jan. 22, 2025 Hr'g Tr. 24:12-26:4.  That has not changed.  Permitting cross-use of documents while limiting the circumstances where those documents may be shown to a competitor's employees is equitable and best facilitates efficient coordination while minimizing the risk of misuse.  *See, e.g.*, *In re Union Carbide Corp. Gas Plant Disaster*, 809 F.2d 195, 205 (2d Cir. 1987) ("Basic justice dictates that both sides be treated equally, with each having equal access to the evidence in the possession or under the control over the other.").

---

[4] Plaintiffs' proposed exception that the Discovery Materials may not post-date a former employee's departure does not resolve the issue because it still allows for (i) Microsoft AEO documents to be shown to former employees of OpenAI and vice versa; and (ii) use of documents created while the witness was at the company even if there is no foundation to show the witness the document.

**The Court Should Set Reasonable Limits on Source Code Printouts (Paragraph 21(l))**

Despite the late stage of fact discovery in most actions, Defendants' proposed source code provision still guarantees Plaintiffs in each Action *500* pages of printed source code (the number this Court approved in *New York Times*) and provides for "good faith request[s] [for] additional printouts."  *Compare* Ex. A ¶ 21(l) *with New York Times*, Dkt. 252 ¶ 2(m).  Plaintiffs' proposal to remove *any* presumptive limit should be rejected because it invites overuse of printouts which, due to their highly sensitive nature, all parties agree shall be limited to only what "is reasonably necessary for the preparation of court filings, expert reports, or other papers, or for deposition or trial."  Ex. A ¶ 21(l).

**OpenAI Objects to Non-Attorney Access to AEO Materials (Paragraph 24(b))**

OpenAI designated its highly sensitive documents AEO under existing protective order provisions limiting access to counsel.  *Author's Guild*, Dkt. 338, ¶ 16(b); *Tremblay*, Dkt. 106 ¶ 7.3(b); *New York Times,* Dkt. 474 ¶ 14(b).  Broader disclosure, including to non-attorneys was not contemplated and would cause competitive harm to OpenAI.  Plaintiffs introduce language that foists on OpenAI an agreement previously made between News Plaintiffs and Microsoft to expand access to Microsoft's AEO materials, including to non-attorney executives.  OpenAI was not part of that negotiation and it is not appropriate now to force disclosure of OpenAI's most sensitive materials to non-attorneys unknown to OpenAI.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher S. Sun* | */s/ Allison S. Blanco* | */s/ Tiffany Cheung* |
| *Counsel for OpenAI Defendants* | | |

FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Jared B. Briant*

*Counsel for Microsoft*