**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

*In re OpenAI, Inc. Copyright Infringement Litigation*

No. 1:25-md-03143-SHS-OTW

---

**STIPULATION & ORDER RE: DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION**

To expedite the flow of discovery material and to facilitate the consistency in the format of the documents to be produced by the parties in *In Re: OpenAI, Inc. Copyright Infringement Litigation*, 1:25-md-03143 (S.D.N.Y.); *Tremblay, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03223 (N.D. Cal.), 1:25-cv-03482 (S.D.N.Y.) (consolidated in *In Re OpenAI ChatGPT Litigation*, No. 3:23-cv-03223 (N.D. Cal.)); *Silverman, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03416 (N.D. Cal.), 1:25-cv-03483 (S.D.N.Y.) (consolidated in *In Re OpenAI ChatGPT Litigation*, No. 3:23-cv-03223 (N.D. Cal.)); *Chabon, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-04625 (N.D. Cal.), 1:25-cv-03291 (S.D.N.Y.) (consolidated in *In Re OpenAI ChatGPT Litigation*, No. 3:23-cv-03223 (N.D. Cal.)); *Petryazhna v. OpenAI, Inc., et al.*, No. 5:24-cv-04710 (N.D. Cal.), 1:25-cv-03297 (S.D.N.Y.) (formerly *Millette v. OpenAI, Inc., et al.*); *Authors Guild, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-08292 (S.D.N.Y.); *Alter, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-10211 (S.D.N.Y.); *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195 (S.D.N.Y.); *Basbanes, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-00084 (S.D.N.Y.); *Raw Story Media, Inc., et al. v. OpenAI, Inc., et al.*, No. 1:24-cv-01514 (S.D.N.Y.); *The Intercept Media, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-01515 (S.D.N.Y.); *Daily News LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-03285 (S.D.N.Y.); *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-04872 (S.D.N.Y.); and *Ziff Davis, Inc. et al. v. OpenAI, Inc. et al*, No. 1:25-cv-00501 (D. Del.), No. 1:25-cv-04315 (S.D.N.Y.), the parties, by and through their respective counsel, hereby stipulate and agree to the terms of this Stipulation & Order Re: Discovery of Electronically Stored Information (the "ESI Protocol" or "Order").

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by stipulation.

3. This Order will govern discovery in this action and any actions subsequently transferred to this Court pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation or otherwise centralized with this litigation (centralized as *In re: OpenAI, Inc. Copyright Litigation*, No. 1:25-md-03143 (S.D.N.Y.) and collectively the "Centralized Actions", and each individual action, an "Action").

4. This order shall supersede the following prior orders and stipulations governing the discovery of electronically stored information:

    a. ECF No. 175, *In re OpenAI ChatGPT Litigation*, Case No. 3:23-cv-03223 (N.D. Cal.);

    b. ECF No. 201, *Authors Guild, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-08292 (S.D.N.Y.);

    c. ECF No. 172, *Alter, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-10211 (S.D.N.Y.);

    d. ECF No. 98, *Basbanes, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-00084 (S.D.N.Y.);

    e. ECF No. 251, *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195 (S.D.N.Y.);

    f. ECF No. 147, *Daily News LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-03285 (S.D.N.Y.);

    g. ECF No. 130, *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-04872 (S.D.N.Y.); and

    h. ECF No. 151, *The Intercept Media, Inc. v. OpenAI, Inc., et al.*, No. 1:24-

cv-01515 (S.D.N.Y.).

5. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's expectations.

6. As related solely to negotiations regarding custodians and custodial search terms occurring on or after the date of entry of this Order[1], the producing party will conduct a reasonable investigation to identify custodians and use search terms reasonably calculated to identify responsive materials consistent with the parties' discovery obligations pursuant to the Federal Rules of Civil Procedure. The producing party will in the first instance propose search terms and custodians and corresponding hit reports. The parties will negotiate in good faith, including by meeting and conferring, to identify custodians and search terms. The producing party will provide hit reports for proposed search terms to inform such negotiations. The requesting party will make any counterproposal within ten business days. If the requesting party makes a proposal for additional search terms for current custodians, the producing party must respond within five business days by either accepting a proposal, rejecting it and providing a hit report for the requesting party's proposal, or making a counterproposal and providing a hit report for both the requesting party's proposal and the producing party's counterproposal. If the requesting party makes a proposal for additional custodians, the producing party must respond within ten business days by either accepting a proposal, rejecting it, or making a counterproposal and providing a hit report. All hit reports will allow the receiving party to understand (a) how many documents the producing party will be reviewing (in total, including all terms previously requested by the

---

[1] For the avoidance of doubt, all search terms and custodian negotiations that occurred prior to the date of entry of this Order are governed by the ESI orders and agreements between the parties that existed at the time of the negotiations. However, productions made after the date of entry of this Order are governed by this Order, even to the extent such productions are pursuant to search term and custodian negotiations that occurred prior to the date of entry of this Order.

receiving party) if the proposal is accepted; (b) how many more documents the producing party will have to review if the proposal is accepted relative to defendants' proposal; and (c) aggregate and unique hits for each term.

7. The parties disclosed at the outset of this litigation any use of enterprise messaging tools, such as Slack or MS Teams, including the type of subscription and retention settings in place. The parties will disclose any material change in the use of such enterprise messaging tools since those initial disclosures.

8. Nothing in this Order shall be construed to waive a requesting party's right to move the Court to compel production of documents from additional custodians, nor shall anything in this Order be construed to waive a producing party's right to oppose any such motion to compel.

9. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery.

10. If a party elects to use Technology Assisted Review (TAR)[2] to cull the documents to be reviewed or produced, the parties will meet and confer in good faith regarding the use of TAR and proposed TAR Protocol.

11. **Production Format for ESI.**

    a. **Culling/Filtering.** The parties will meet and confer regarding the permission and/or obligation to filter out common system files and application executable files.

    b. **Imaging.** Except as otherwise provided in this Order, all documents existing in electronic format (e.g., Word, PDF, webpage files) shall be produced as 300 DPI TIFF black and white images with 1-bit depth and with a Bates number stamped on each page, document

---

[2] TAR refers to the application of machine learning and other advanced analytical technologies to the process of identifying, coding, and categorizing ESI based on relevance to specific legal matters. TAR methodologies may include predictive coding, clustering, and conceptual analysis. For the avoidance of doubt, TAR does not include the use of keyword searches.

metadata (including extracted or OCR text), and a link to the associated extracted or OCR text file. The parties will consider re-producing select and specifically identified color documents as paginated color JPGs upon reasonable request by the receiving party.

        c.      **Native Format.** Spreadsheet-type files (*e.g.*, Microsoft Excel), PowerPoint files, and Multimedia files (video, audio, voicemail, etc.) should be produced in native format unless they require redaction. Documents produced in native format should be named according to the Bates number assigned, with the Confidentiality designation appended to the Bates numbers with a hyphen. Single-page Bates-stamped TIFF image slip-sheets will be included for each document produced in native format. The slip-sheets will display the Bates number of the native file, the Confidentiality endorsement, and an endorsement stating, "File Produced Natively."

        d.      **Redactions of Native Documents.** For Excel and PowerPoint type files that are printed to TIFF for redaction and redacted, the following printing options shall be enabled:

    i. Excel Print to TIFF Options

1. Unhide columns and rows
2. Unhide worksheets
3. Autofit columns and rows, settings to be over by columns first and, then down by rows
4. Print gridlines
5. Do not apply Autofilter
6. Display headings
7. Display comments Header and Footer filename field handling: Show field code

    ii. PowerPoint Print to TIFF Options

1. Print notes pages
2. Print hidden slides
3. Print comments

The Producing Party shall also make reasonable efforts to ensure that any spreadsheets produced only as TIFF images because of redactions are formatted so as to be legible. For redacted items which were originally ESI, all metadata fields noted in this protocol that do not contain privileged or protected information will be provided and will include all non-redacted data. A Document's status as redacted does not relieve the Producing Party from providing all of the metadata required herein. The parties agree to meet and confer further regarding the redaction of native documents.

  e. **Family Relationships.** All attachments, addendums, enclosures, and/or exhibits to a parent document will be, to the extent reasonably possible, produced immediately following the parent document and identified as they relate to the respective parent document with the parent/child relationship intact. Such attachments, addendums, enclosures, and/or exhibits will be replaced with a slipsheet where an attachment is withheld. (For the avoidance of doubt, the foregoing sentence does not authorize a party to withhold a document or otherwise limit the parties' obligations to produce.) The parties will indicate on the slipsheet the basis for withholding the document.

  f. **Voluminous and Highly Confidential Technical Materials.** Source code, training data, artificial intelligence models, and certain other specified voluminous or highly confidential technical materials shall be governed by the terms of the parties' separately negotiated access and inspection agreement(s). To the extent that user conversation and/or output data is produced or made available for inspection, the parties shall meet and confer as to whether such user conversation and/or output data shall be produced or made available for inspection pursuant

to this Order, another existing agreement, or a new agreement. The parties shall meet and confer regarding the production of any other structured data files or structured data sources that may contain relevant information.

12. **Hyperlinked Documents and Communications.** The parties will not attempt to access the producing party's internal Google hyperlinks contained in produced documents other than through the ordinary discovery process, including the hyperlink-request process described in paragraph 13, below. The parties may request permission from the Court to redact such hyperlinks, or unique identifiers contained within hyperlinks, prior to their inclusion in court filings, exhibits, or materials to be relied upon at trial.

13. **Requesting Hyperlinked Documents**. Each receiving party group may collectively request a reasonable number of hyperlinked documents referenced in documents within the producing party's production, which will include any requests made by the receiving party in an Action prior to the entry of this ESI Protocol. The receiving party will make these requests by providing to the producing party a list of hyperlinks and corresponding Bates numbers. The requested hyperlinks must refer to discrete stand-alone documents and not to, *e.g.*, directories, landing pages, data sources, databases, or dynamic dashboards. The parties agree to meet and confer in good faith to resolve any disputes concerning the timing and appropriateness of production of the requested documents and communications. The parties reserve all rights to move to compel where agreement is not reached.

14. **Metadata**. Load or Concordance DAT files should include, where applicable and to the extent it exists and was captured at the time of the collection, the information listed in Exhibit A attached. To the extent that metadata does not exist or is not reasonably accessible or available for any documents produced, nothing in this Order shall require any party to extract, capture,

collect or produce such metadata.

15. **Privilege Logs.** A party that withholds documents, ESI, and any other materials and information on the grounds of attorney-client privilege, attorney work product, and/or any other applicable privilege, immunity or protection from discovery, shall produce a privilege log. The following documents and communications need not be included on a privilege log:

   a. privileged communications exclusively between a party and its outside or in-house counsel on or after September 09, 2023; Defendants and the Ziff Davis Plaintiffs, as well as any plaintiffs in Actions not yet filed, will meet-and-confer to select applicable dates for that Action;

   b. work product performed by a party at the direction of its outside or in-house counsel on or after September 09, 2023; Defendants and the Ziff Davis Plaintiffs meet-and-confer to select dates for that Action;

   c. privileged or work product documents or communications between a party and its outside or in-house counsel related to the following lawsuits and investigations: *Doe 1, et al. v. GitHub, Inc. et al.*, No. 4:22-cv-06823-JST (N.D. Cal.); *In Re: OpenAI, Inc. Copyright Infringement Litigation*, 1:25-md-03143 (S.D.N.Y.); *Tremblay, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03223 (N.D. Cal.), 1:25-cv-03482 (S.D.N.Y.) (consolidated in *In Re OpenAI ChatGPT Litigation*, No. 3:23-cv-03223 (N.D. Cal.)); *Silverman, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03416 (N.D. Cal.), 1:25-cv-03483 (S.D.N.Y.) (consolidated in *In Re OpenAI ChatGPT Litigation*, No. 3:23-cv-03223 (N.D. Cal.)); *Chabon, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-04625 (N.D. Cal.), 1:25-cv-03291 (S.D.N.Y.) (consolidated in *In Re OpenAI ChatGPT Litigation*, No. 3:23-cv-

03223 (N.D. Cal.)); *Petryazhna v. OpenAI, Inc., et al.*, No. 5:24-cv-04710 (N.D. Cal.), 1:25-cv-03297 (S.D.N.Y.) (formerly *Millette v. OpenAI, Inc., et al.*); *Authors Guild, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-08292 (S.D.N.Y.); *Alter, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-10211 (S.D.N.Y.); *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195 (S.D.N.Y.); *Basbanes, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-00084 (S.D.N.Y.); *Raw Story Media, Inc., et al. v. OpenAI, Inc., et al.*, No. 1:24-cv-01514 (S.D.N.Y.); *The Intercept Media, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-01515 (S.D.N.Y.); *Daily News LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-03285 (S.D.N.Y.); *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-04872 (S.D.N.Y.); and *Ziff Davis, Inc. et al. v. OpenAI, Inc. et al,* No. 1:25-cv-00501 (D. Del.), No. 1:25-cv-04315 (S.D.N.Y.); the pending Federal Trade Commission Investigation, FTC File No. 232-3044, and any other subsequently filed or commenced lawsuits or investigations relating to OpenAI.

16. The parties will meet and confer in good faith regarding the time to serve privilege logs. The parties reserve all rights to seek relief regarding previous deficiencies relating to privilege logs.

17. The privilege log shall be produced in Excel format and include:

   a. A unique number for each entry on the log.

   b. Date of document for all ESI and to the extent known or discernible for all hard copy documents. For emails this should be the sent date of the document and for loose ESI this should be the last-modified or create date of the document.

   c. Custodian of the document. For emails this should be populated with the

      metadata extracted from the Custodian(s) field. For loose ESI, this should be populated with the Custodian value assigned to the instance of the document in question.

d. The Bates range of the document or family if the privileged entry is produced with redactions. This can be populated with metadata extracted from the BegDoc and EndDoc fields.

e. The author of the document. For emails, this should be populated with the metadata extracted from the "Email From" field associated with the file. For loose ESI, this should be populated with the metadata extracted from the "Author" field. For hard copy documents, this will be populated with the "Custodian" field.

f. The recipient(s) of the document where reasonably ascertainable. For emails, this will be populated with the metadata extracted from the "Email To" field associated with the document. Separate columns will be included for the metadata extracted from the "CC" and "BCC" fields, where populated. The parties will meet and confer regarding whether a party may use the metadata extracted from the "Active Participants" field instead of or as well as the metadata extracted from the "All Participants" field associated with the document to populate this field for messages.

g. Whether the document is being withheld or redacted.

h. The type of privilege being asserted, for example: (a) AC for Attorney/Client, (b) WP for Attorney Work Product, (c) CI for Common Interest.

i. The reason for the redaction. If more than one reason, separate by semi-colons.

j. For Defendants and Class Plaintiffs, the legal participants to the document, including any in-house or outside counsel, as well as their staff, by name. This can be accomplished by providing a separate list of legal participants. The parties will meet and confer in good faith on or before June 13 regarding whether News Plaintiffs must also produce this field, and may seek to enter stipulated or disputed modifications to this paragraph. The possibility of such modification is not a basis to withhold logs.

k. Nothing in this paragraph 17 of this Order shall be read to preclude the parties from logging documents categorically or read to be inconsistent with Local Rule 26.2.

18. **Non-Party Documents.** Any Party that issues a non-party subpoena shall timely notify other Parties when it receives non-party productions of documents, ESI or other responses from the non-party, and shall provide copies of all such productions in the format in which they were received from the non-party to the other Parties. If the non-party produces documents or ESI that are not Bates labeled, the Receiving Party will Bates-label the documents or ESI before producing a copy to the other Parties if the produced documents or ESI are of the type so requiring consistent with other provisions of this Order. Nothing in this Protocol precludes a Receiving Party from reviewing a non-party production of documents or ESI and applying (if the non-party produced documents without a confidentiality designation) or elevating a confidentiality designation (e.g., elevating documents designated as CONFIDENTIAL to ATTORNEYS' EYES ONLY) if the production contains confidential or extremely sensitive information.

19. **Technical Variances.** Recognizing that each Producing Party may experience production issues due to data systems or files that may not be fully compatible with the technical

specifications set forth herein, any practice or procedure set forth herein may be varied by agreement of the Parties, confirmed in writing, to accommodate such issues and/or where such variance is deemed appropriate to facilitate the timely and economical production of Documents or ESI. No Party shall unreasonably object to any such variance.

20. **Reproduction as Natives.** The Parties agree that to the extent any Party seeks production in native format of specifically identified ESI produced originally in TIFF form, the Producing Party shall respond reasonably and in good faith to any such request.

21. **No Waiver of Privilege.** Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication, information, or material that is protected by the attorney-client privilege or work-product protection, as defined by Fed. R. Evid. 502(g), shall not waive the privilege or protection in the above-captioned case, or any other federal or state proceeding, for either that communication, information, or material or the subject matter of the same, unless there is an intentional waiver of the privilege or protection to support an affirmative use of such communication, information, or material in support of the Party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The parties' separately negotiated Stipulated Protective Order governs the inadvertent disclosure of material protected by the attorney-client privilege, work-product protection, common-interest privilege, or any other applicable privilege or protection.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: June 6, 2025  /s/ Davida Brook

/s/ Justin Nelson

Counsel for Plaintiffs

Dated: June 6, 2025  /s/ Edward Bayley

/s/ Tiffany Cheung

/s/ Elana Nightingale Dawson

Counsel for Defendant

Dated: June 6, 2025  /s/ Jared B. Briant

Counsel for Defendant

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated:

ONA T. WANG
United States Magistrate Judge

# EXHIBIT A

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodians | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Author | Text - paragraph | | Document author from metadata | |
| Confidentiality | Single choice | Designation branded onto the document | Designation branded onto the document | Designation branded onto the document |
| FullText | Link | Link to the extracted or OCR text file | Link to the extracted or OCR text file | Link to the extracted or OCR text file |
| DocLink | Link | Link to the native file | Link to the native file | Link to the native file |
| MD5Hash | Text | | The MD5Hash value of the file | The MD5Hash value of the file |
| AttachNam | Text – paragraph Separate entries with ";" | | | File name of the attachment, with any attachments separated by semi-colon. |
| PgCount | Integer | Number of pages in the item | Number of pages in the item | Number of pages in the item |
| Custodian | Text – paragraph | Name of person or source from whose/which files the item is produced | Name of person or source from whose/which files the item is produced | Name of person or source from whose/which files the item is produced |
| Parent Date/Sort Date | Date/Time (mm/dd/yyyy) | | The date associated with a family's parent record, which is assigned as follows: | The date associated with a family's parent record, which is assigned as follows: |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| | | | Loose Edocs populated with 1st occurrence of Date Last Modified or Date Created. | Emails populated with 1st occurrence: Date Sent or Date Received or Date Last Modified. Email attachments populated from the date above. Outlook Appointments populated with 1st occurrence of Start Date or Date Last Modified. |
| TimeReceived | Time | | | Time email or calendar item was received (Date and time fields may be combined) |
| FileSize | Integer | | Size (in kilobytes) of the source native file | Size (in kilobytes) of the source native file |
| SourceFilePath | Text – paragraph | | The directory structure or path where the original file was stored on the Party's source computer system, ending in the filename. Any container name (such as ZIP or PST containers) is included in the path. | The directory structure or path where the original file was stored on the Party's source computer system, ending in the filename. Any container name (such as ZIP or PST containers) is included in the path. |
| SourceParty | Text – paragraph | Name of entity or Party producing the item | Name of entity or Party producing the item | Name of entity or Party producing the item |
| RecordType | Single choice | | Indicates item type (e.g., email, edoc, attachment) | Indicates item type (e.g., email, edoc, attachment) |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| FileType | Single choice | | (e.g., Outlook, Adobe Acrobat, MS Word, etc.) | (e.g., Outlook, Adobe Acrobat, MS Word, etc.) |
| TimeSent (hh:mmAM/PM) | Time | | | (e.g., Outlook, Adobe Acrobat, MS Word, etc.) |
| Number of Attachments | Integer | | | Number of attached, embedded or grouped items |
| TimeCreated (hh:mm AM/PM) | Time | | Time the item was created (Date and time fields may be combined) | |
| ModifiedBy | Text – paragraph | | Person who last modified or saved the item, as populated in the metadata or document properties of the native file | |
| LastModTime (hh:mm AM/PM) | Time | | Time the item was last modified | |
| Title | Text - paragraph | | Any value populated in the Title field of the source file metadata or item properties | |
| Redacted | Single choice | User-generated field that will indicate redactions. With the word "REDACTED". Otherwise, blank. | User-generated field that will indicate redactions. With the word "REDACTED". Otherwise, blank. | User-generated field that will indicate redactions. With the word "REDACTED". Otherwise, blank. |
| | | | | |
| | | | | |

In addition, OpenAI will produce the following metadata fields:

| Metadata Field | Data Type | Paper, Hard Copy, or Scanned Files | Native Files & Email Attachments | Email | Messages (Texts, collaboration platform chats, other messaging applications) |
|---|---|---|---|---|---|
| gDrive_Title | Text - paragraph | | Name of the document as stored in Google Drive | | |
| gDrive_DateCreated | Date/Time (mm/dd/yyyy, HH:MM AM/PM) | | Date and time Google Drive document was created | | |
| gDrive_DateModified | Date/Time (mm/dd/yyyy, HH:MM AM/PM) | | Date and time Google Drive document was last modified | | |
| gDrive_DocID | Integer – Text | | Google Drive File ID | | |
| ProdVol | Text | Production Volume # | Production Volume # | Production Volume # | Production Volume # |
| AllParticipants | Text – paragraph Separate entries with ";" | | | | List of all participant names, email addresses, and/or telephone numbers who are part of identified chat, channel or group. |
| ActiveParticipants | Text – paragraph Separate entries with ";" | | | | List of all active participant names, email addresses, and/or telephone numbers who are part of identified chat, channel or group. |

The parties will meet and confer in good faith on or before June 13 regarding whether Microsoft and/or Plaintiffs must also produce those fields to OpenAI and on any other modifications to this Exhibit A, and may seek to enter stipulated or disputed modifications. The possibility of such modifications is not a basis to withhold productions. If the parties cannot reach resolution on their disputed issues, the parties will present their respective positions to the Court in briefing not to exceed two pages on June 18, 2025.