**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email: bclobes@caffertyclobes.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Email: dboies@bsfllp.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butboricklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 4:23-cv-03416-AMO<br>Case No. 4:23-cv-04625-AMO | Case No. 3:23-cv-03223-AMO<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 383]** |

# MOTION

Plaintiffs move under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from a non-dispositive pretrial order of a Magistrate Judge. Plaintiffs respectfully object to and ask the Court to set aside portions of the Discovery Order at Dkt. 383 issued by Magistrate Judge Illman on March 6, 2025, as set forth in the accompanying Memorandum of Points and Authorities ("Memo"). In addition to this Motion and the Memo, the Motion is based on the underlying letter briefing and joint statement at Dkts. 269 and 334, respectively, the Proposed Order for this Motion, the docket in this matter, and any oral argument.

## MEMORANDUM OF POINTS AND AUTHORITIES

On March 6, 2025, Magistrate Judge Illman denied Plaintiffs' motion to compel nonparty Microsoft, Inc.[1] Inc., to comply with Plaintiffs' document subpoena (the "Subpoena").[2] The Order commits clear error by (1) ignoring Microsoft's instrumental involvement with OpenAI on the issues in dispute; (2) applying the wrong legal standard to determine Microsoft's production obligations; and (3) misapplying the tests for both relevance and burden. Plaintiffs thus respectfully request that the Court sustain Plaintiffs' objections and order Microsoft to produce all responsive documents.[3]

### I. BACKGROUND

**A. Microsoft's and OpenAI's Partnership and** ███████████████

As of early 2023, Microsoft reportedly invested or committed to invest $13 billion in OpenAI. *See* Ex. A. Sam Altman, OpenAI's CEO, dubbed the companies' partnership "the best bromance in tech." *See* Ex. B. As OpenAI's largest investor, Microsoft ████████████████████████████ ████████████████████████████ Ex. C at -998-99. Public reporting and documents that OpenAI has produced to date establish that Microsoft and OpenAI have worked in a remarkably close partnership ████████████████████████████ ████████████ *See, e.g.,* Ex. D at -786 (████████████████████████████ ████████████████████████████

OpenAI trained its LLMs by acquiring and subsequently using copyrighted literary works by the millions—if not tens of millions—through illegal peer-to-peer piracy and web crawling or scraping. *See, e.g.,* Ex. E at -051-52 (████████████████████████████ ████████████████ Discovery has revealed that Microsoft ████████ ████████████████████████████ ████████████████████ *See* Ex. F at -427. ████████ ████████████████████████████

---

[1] Plaintiffs moved for leave to amend their Complaint to add Microsoft as a party on March 4, 2025.
[2] The Order says it "granted in part" the Motion, but that reference is to documents Microsoft already agreed to produce and thus were not part of the dispute for which the parties were seeking resolution.
[3] To narrow the issues, Plaintiffs withdraw RFP Nos. 15, 16, 17, and 18 in the Subpoena.

[redacted]

### B. Procedural History of the Microsoft Subpoena Dispute

Microsoft served responses and objections to 22 RFPs in the Subpoena on December 20, 2024. Ex. G. Plaintiffs and Microsoft then met and conferred, and Microsoft agreed to produce just one category of documents responsive to a single RFP: "Licensing and/or Data access agreements" to which Microsoft or OpenAI is a party. *See* Dkt. 269 at 2-3. The parties filed a joint letter brief on January 27, 2025, by which Plaintiffs moved to compel production as to the rest of the RFPs. *See* Dkt. 269. At oral argument, Judge Illman orally ruled that Microsoft must produce documents responsive to multiple RFPs to the extent Microsoft has documents that are not in OpenAI's possession, including documents pertaining to OpenAI's training data. *See* Ex. H at 32:15-21; *see also* 34:15-17, 36:2-4. The Court told the parties to continue negotiating the RFPs according to rulings at the hearing, and then file a joint status report. Plaintiffs provided Microsoft a revised, redlined version of their RFPs to conform to the Court's instructions. *See* Dkt. 334-2. A meet-and-confer followed, during which Plaintiffs offered to confer on limited custodians and targeted search terms, among other things, but Microsoft refused. No agreements were reached, and Plaintiffs and Microsoft filed their joint status report on February 19. Dkt. 334.

Judge Illman then *reversed* his partial grant of Plaintiffs' motion as to Microsoft's production of documents pertaining to OpenAI's training data that are exclusively within Microsoft's possession. *Compare* Ex. H at 32:15-21 *with* Dkt. 383 at 2. He also applied "substantial need" as the necessary showing for Plaintiffs to obtain documents responsive to their RFPs, which the Order described—without explanation—as "confidential commercial discovery from a non-party." Dkt. 383 at 2. The Court held "Plaintiffs have not met their burden" to support Microsoft's production of *any* documents, whether exclusively internal to Microsoft or not, besides the limited agreements Microsoft already agreed to produce. *Id.*

### II. LEGAL STANDARD

Under Rule 72(a), a district court shall modify or set aside a magistrate judge's order that is "clearly erroneous or contrary to law." A magistrate judge's findings are clearly erroneous where the court reaches

a "definite and firm conviction that a mistake has been committed." *Wolpin v. Philip Morris*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).

III. ARGUMENT

    A. **Information About OpenAI's Large-Scale Infringement Through Torrenting and Internet Scraping Is Evidence of a Conspiracy and Not Protected Information.**

Judge Illman's Order treats all of Plaintiffs' requests uniformly and required a heightened showing of relevance because they purportedly sought "confidential commercial discovery." Dkt. 383 at 2. That is clear error for reasons discussed below. At a minimum, however, the Order should have recognized that information within Microsoft's possession pertaining to OpenAI's mass copyright infringement—through torrenting, direct downloads, and scraping of data—cannot and should not get the benefit of any added protection against discovery. That is, the discovery rules provide nonparties limited protection against disclosure of *legitimate* trade secrets or "confidential commercial information," *see* Fed. R. Civ. P. 45(d)(3)(B)(i), not evidence of unlawful conduct, *see* Fed. R. Civ. P. 1 (the Rules should be "employed . . . to secure the *just*, speedy, and inexpensive determination" of proceedings); *accord Fujifilm v. Motorola Mobility*, 2014 WL 491745, at *5 (N.D. Cal. Feb. 5, 2014) ("[I]t would be unjust for information so highly material to the merits to be avoided on the basis of such mere technicalities."). Even attorney-client privilege protection is set aside for relevant discovery into illegal or fraudulent conduct like Internet piracy. There is no "just" way under the Rules to relieve Microsoft of its obligation to produce information about massive copyright infringement by its joint venture partner.[4] On that basis alone, the Court should order Microsoft to produce all information and documents responsive to the Subpoena regarding OpenAI's mass piracy. *See* RFP Nos. 1, 2, 3, 13.

    B. **Microsoft Did Not and Cannot Make the Required Showing To Satisfy the "Substantial Need" Test for All Responsive Documents.**

Judge Illman's blanket use of a "substantial need" standard was clear error because Microsoft did

---

[4] *See MGM v. Grokster,* 545 U.S. 913, 919 (2005) ("[O]ne who distributes a device with the object of promoting its use to infringe copyright" is "liable for the resulting acts of infringement by third parties."); *Sony BMG v. Tenenbaum*, 672 F. Supp. 2d 217, 227 ("*Grokster*'s secondary liability was premised on . . . file sharing" as a "form of primary infringement[.]"); *In re Aimster*, 334 F.3d 643, 645 (7th Cir. 2003) (users that "swap computer files containing [copyrighted] popular music" via P2P services are "direct infringers").

not contend—and cannot support—that *all* (or even most) of its withheld documents are both (1) "important proprietary information," and (2) *Microsoft*'s information, as opposed to OpenAI's. A "substantial need" test for nonparty discovery was not addressed in Plaintiffs' and Microsoft's joint letter brief, in their post-hearing joint status statement, or during oral argument. *See* Dkt 269; Dkt. 334; Ex. H at . Microsoft, in fact, never disputed that Rule 26(b)(1) properly sets forth the standard by which Plaintiffs must show "relevance, burden, and proportionality." *See* Dkt. 269 at 4 n.6. To get "substantial need" protection, a nonparty must show its purported "[t]rade secret or commercially sensitive information" is "important proprietary information." *In re Subpoena of DJO*, 295 F.R.D. 494, 497 (S.D. Cal. 2014). All but three of the RFPs at issue seek information that, at least in part, cannot possibly be considered "proprietary" and "important."[5] Similarly, all but a few of the RFPs seek documents *concerning OpenAI*, not Microsoft. *See* Ex. H at 32:18-19 (Microsoft counsel stating "And just to be clear, your Honor, OpenAI trained all the models at issue here."). There is no recognized or logical confidentiality burden on Microsoft, as a nonparty, to produce information concerning a *party*.[6] The Order committed clear error by miscategorizing all the RFPs as seeking only "important proprietary information" without acknowledging that they seek OpenAI's information and that the Protective Order in this case provides more than adequate production for Microsoft's information, and then by assessing all of the RFPs under an inapplicable test.

### C. Microsoft's Investment and Integration Into OpenAI's Operations Make the Information Plaintiffs Seek Essential to the Case.

The Order should have analyzed "relevance, burden, and proportionality" under Rule 26(b)(1),[7] pursuant to which a party may obtain from nonparties:

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

---

[5] Specifically, RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 20, 21, and 22.

[6] Four RFPs only seek information about OpenAI or its models (RFPs 1, 2, 3, 7); 12 of them seek a mix of information about Microsoft and OpenAI (RFPs 4, 5, 6, 8, 9, 12, 13, 14, 19, 20, 21, 22); and just two seek information only about Microsoft (RFPs 10, 11). The substantial need test could only apply categorically to the last group, while it could not apply to the first category and could only apply to information or documents in the second category, if any, that reflect "important proprietary information" of Microsoft.

[7] *See S. Cal. Hous. Rts. Ctr. v. K3 Holdings,* 2023 WL 6373143, at *4 (C.D. Cal. Mar. 2, 2023) (scope of discovery under Rule 45 subpoena same as Rule 26).

burden or expense of the proposed discovery outweighs its likely benefit.

Moreover, a "substantial need," even if that standard applied (and it does not), just means there is a need for the "[discovery] material . . . that cannot be otherwise met without undue hardship." *In re Subpoena of DJO*, 295 F.R.D. at 497. The Subpoena satisfies both standards.

Given Microsoft's and OpenAI's partnership, it is a virtual certainty that Microsoft has highly relevant information OpenAI does not, like ███████████████████████████████████████ ███████████████████████████████ Exactly when, how, and why OpenAI informed Microsoft ████████████████████████████████████████████████ is highly relevant to the willfulness element of Plaintiffs' infringement claim, an argument the Court rejected without explanation or analysis. Dkt. 383 at 2. The close relationship between the two companies also makes Microsoft an obvious exception to any "preference" the federal rules may have for seeking documents from a party before seeking them from a nonparty. *See generally Soto v. Castlerock Farming*, 282 F.R.D. 492, 505 (E.D. Cal. 2012).[8] At a minimum, Plaintiffs can only get *internal* Microsoft communications on these topics from Microsoft, thus satisfying the substantial need test's "undue hardship" element.

With respect to burden, every factor in Rule 26(b)(1) supports a finding here of no undue burden. The "issues at stake in the action" are of great public importance, considering (a) OpenAI's and Microsoft's public predictions about LLMs' effects on the larger economy, and (b) the scope of infringement Plaintiffs allege. The amount in controversy is tens of billions of dollars. Microsoft has essentially boundless resources to search for and produce responsive documents. And any burden arising from disclosure of confidential information is adequately addressed by the protective order in the case. *See, e.g., Shasta Linen Supply v. Applied Underwriters*, 2018 WL 2981827, at *3 (E.D. Cal. June 14, 2018).

---

[8] Plaintiffs seek all documents from Microsoft, including its communications with OpenAI, in part because OpenAI has refused to add as a custodian its former employee Katie Mayer, who was a key point of contact in the OpenAI-Microsoft relationship. Judge Illman denied adding Ms. Mayer as a custodian, which is now subject to a pending Rule 72 motion filed on March 13, 2025. *See* Dkt. 388.

| | |
|---|---|
| Dated: March 20, 2025 | By:     */s/ Maxwell V. Pritt* <br>         Maxwell V. Pritt |
| **JOSEPH SAVERI LAW FIRM, LLP** <br> Joseph R. Saveri (SBN 130064) <br> Cadio Zirpoli (SBN 179108) <br> Christopher K.L. Young (SBN 318371) <br> William W. Castillo Guardado (SBN 294159) <br> Holden Benon (SBN 325847) <br> Aaron Cera (SBN 351163) <br><br> 601 California Street, Suite 1505 <br> San Francisco, CA 94108 <br> Telephone: (415) 500-6800 <br> Facsimile: (415) 395-9940 <br><br> jsaveri@saverilawfirm.com <br> czirpoli@saverilawfirm.com <br> cyoung@saverilawfirm.com <br> wcastillo@saverilawfirm.com <br> hbenon@saverilawfirm.com <br> acera@saverilawfirm.com <br><br> **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP** <br> Bryan L. Clobes (*pro hac vice*) <br> Alexander J. Sweatman (*pro hac vice*) <br> Mohammed A. Rathur (*pro hac vice*) <br> 135 South LaSalle Street, Suite 3210 <br> Chicago, IL 60603 <br> Tel: (312) 782-4880 <br> bclobes@caffertyclobes.com <br> asweatman@caffertyclobes.com <br> mrathur@caffertyclobes.com <br><br> Matthew Butterick (SBN 250953) <br> 1920 Hillhurst Avenue, 406 <br> Los Angeles, CA 90027 <br> Telephone: (323) 968-2632 <br> Facsimile: (415) 395-9940 <br> Email: mb@buttericklaw.com <br><br> **VENTURA HERSEY & MULLER, LLP** <br> Daniel J. Muller (SBN 193396) <br> 1506 Hamilton Avenue <br> San Jose, California <br> Telephone: (408) 512-3022 <br> Facsimile: (408) 512-3023 <br> Email: dmuller@venturahersey.com | **BOIES SCHILLER FLEXNER LLP** <br> David Boies (*pro hac vice*) <br> 333 Main Street <br> Armonk, NY 10504 <br> (914) 749-8200 <br> dboies@bsfllp.com <br><br> Maxwell V. Pritt (SBN 253155) <br> Joshua M. Stein (SBN 298856) <br> Margaux Poueymirou (SBN 356000) <br> Reed Forbush (SBN 347964) <br> 44 Montgomery Street, 41st Floor <br> San Francisco, CA 94104 <br> (415) 293-6800 <br> mpritt@bsfllp.com <br> jstein@bsfllp.com <br> mpoueymirou@bsfllp.com <br> rforbush@bsfllp.com <br><br> Jesse Panuccio (*pro hac vice*) <br> 1401 New York Ave, NW <br> Washington, DC 20005 <br> (202) 237-2727 <br> jpanuccio@bsfllp.com <br><br> Evan Matthew Ezray *(pro hac vice)* <br> 401 E. Las Olas Blvd., Suite 1200 <br> Fort Lauderdale, FL 33301 <br> eezray@bsfllp.com <br><br> *Counsel for Individual and Representative Plaintiffs and the Proposed Class* |

Case No. 3:23-cv-03223-AMO         6
PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER [DKT. 383]