ORRICK, HERRINGTON & SUTCLIFF LLP
Annette L. Hurst
The Orrick Building, 405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
ahurst@orrick.com

FAEGRE DRINKER BIDDLE & REATH LLP
Jared B. Briant (admitted *pro hac vice*)
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
jared.briant@faegredrinker.com

Attorneys for non-party Microsoft Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03416-AMO<br><br>Case No. 3:23-cv-04625-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**NON-PARTY MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 383]** |

1    Magistrate Judge Illman was correct in all aspects of his rulings related to Plaintiffs'
2 document subpoena to Microsoft: (1) Microsoft is not a party in this case and is therefore
3 afforded the same protections as any other non-party under Rule 45; (2) most of the documents
4 Plaintiffs seek are undisputedly in OpenAI's possession; and (3) the remaining material at issue is
5 not relevant to claims and defenses in this case.  Plaintiffs have failed to show that Magistrate
6 Judge Illman's Order was either "clearly erroneous or contrary to law" as required under Federal
7 Rule of Civil Procedure 72(a).  Microsoft respectfully requests the Court overrule Plaintiffs'
8 Objection and decline to modify Magistrate Judge Illman's Order.

**Magistrate Judge Illman Correctly Applied the Standard Under Rules 16 and 45 to Microsoft.**

11    While Microsoft has invested in and collaborated with OpenAI, Microsoft and OpenAI
12 have always been and remain separate companies, each with their own generative AI product
13 offerings that, at times, compete with one another.  Magistrate Judge Illman recognized this fact
14 in correctly ruling that Plaintiffs had not met their burden under Rule 26(b) and Rule 45(d) and
15 denying Plaintiffs' motion other than as to the documents that Microsoft agreed to produce.
16    "[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve
17 extra protection from the courts." *High Tech. Med. Instrumentation, Inc. v. New Image Indus.,*
18 *Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995).  "Underlying [those protections] is the recognition that
19 the term 'non-party' serves as a constant reminder of the reasons for the limitations that
20 characterize third-party discovery." *Airwair Int'l Ltd. v. Zoetop Bus. Co.*, 2021 WL 6091263, at
21 *2 (N.D. Cal. Dec. 23, 2021).  Thus, in determining whether to enforce a subpoena, courts must
22 look both to: (i) Rule 26(b) permitting a court to limit discovery if it "is obtainable from some
23 other source that is more convenient, less burdensome, or less expensive" or "if the burden or
24 expense of the proposed discovery outweighs its likely benefit"; and (ii) Rule 45(d) protecting a
25 non-party from "undue burden or expense." *See, e.g.*, *LegalZoom.Com v. Rocket Law. Inc.*, 2015
26 WL 12832823, at *2 (N.D. Cal. Mar. 23, 2015); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D.
27 575, 577 (N.D. Cal. 2007).  Magistrate Judge Illman did just that in denying Plaintiffs' motion.

Plaintiffs' allegation that Microsoft is not entitled to the protections of Rules 26 and 45 based on unsupported accusations of a conspiracy are untimely and unfounded.  As an initial matter, this is an entirely new argument that was not presented to Magistrate Judge Illman in the letter brief, at the hearing, or in the joint status report.  "Although this Court has discretion to consider new legal arguments that were not presented to the magistrate judge, the ordinary attitude should be to refuse to entertain objections based on legal arguments that were not presented to the magistrate judge." *Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, 2016 WL 5930289, at *13 (N.D. Cal. Oct. 11, 2016) (internal quotations omitted).  Even if this argument is considered, it should be rejected.  Plaintiffs provide absolutely *no evidence* supporting their unfounded contentions of a conspiracy, nor do they provide any precedent stating that such an allegation alleviates Plaintiffs' burden under Rules 26 and 45.

**Magistrate Judge Illman Correctly Found That Nearly All of the Documents Sought Are Properly Obtained From OpenAI.**

Most of the documents Plaintiffs seek are undisputedly in OpenAI's possession.  *See* Dkt. 409-8, Requests 1-3, 7, 9, 11-13 (expressly requesting documents between or exchanged with OpenAI), 4-6, 8, 14 (requesting documents on topics that also likely exist with OpenAI).  "There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Nidec*, 249 F.R.D. at 577.  Magistrate Judge Illman properly applied this standard in ruling during the hearing that Plaintiffs had not met the burden of showing that they were entitled to discovery from Microsoft for documents that OpenAI should have.  Dkt. 409-9, 28:17-25, 30:18-31:2.  Magistrate Judge Illman recognized that Plaintiffs were "trying to tie [Microsoft and OpenAI] into this intimate relationship . . . to sort of get around" making the requisite showing that the documents are not equally available from OpenAI, but he recognized "Microsoft is not a party to this action" and determined that he was "not going to let [Plaintiffs] stretch through the rules related to non-parties as it relates to that." *Id.*, 30:18-31:2.

1    Plaintiffs' Objection does not even engage with this point, instead repeating the false
2    narrative[1] from the letter brief that Microsoft's relationship with OpenAI creates an "exception"
3    to this requirement.  Dkt. 410 at 5 (citing *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D.
4    492, 505 (E.D. Cal. 2012)).[2]  However, consistent with Magistrate Judge Illman's ruling during
5    the hearing, the *Soto* court found that "when an opposing party and a non-party both possess
6    documents, the documents should be sought from the party to the case" and only granted the
7    motion once the requesting party showed that the opposing party refused to provide the
8    documents.  282 F.R.D. at 505.  Plaintiffs have not made that showing here.  Plaintiffs' footnote
9    alleging that OpenAI's refusal to add Katie Mayer a custodian justifies its requests to Microsoft
10   falls short given that Magistrate Judge Illman found that Plaintiffs had not shown that there were
11   any documents unique to Ms. Mayer.  Dkt. 358 at 2.  Plaintiffs have likewise not presented any
12   such evidence here, let alone evidence that Microsoft would possess any such unique documents.
13   Thus, Plaintiffs have not shown that Magistrate Judge Illman erred in denying their motion as to
14   the requests seeking documents that are in OpenAI's possession.

**Magistrate Judge Illman Correctly Found That Many of the Requests Seek Irrelevant Information or Are Improper Under the Substantial Need Test or Rules 26 and 45.**

17   As to the remaining documents, Magistrate Judge Illman agreed with Microsoft's
18   objection that they largely seek material that is not relevant to any claim or defense in the case.
19   *Sacks Holdings, Inc. v. Vaidya*, 2024 WL 4730424, at *3 (N.D. Cal. Nov. 7, 2024) ("The party
20   seeking to compel compliance with a subpoena bears the burden of establishing that its request
21   seeks relevant information and thus falls within the appropriate scope of discovery.").  Magistrate
22   Judge Illman specifically rejected Plaintiffs' assertion that any documents that only exist

---

[1] *LegalZoom.com*, 2015 WL 12832823, at *2 (finding that requesting party's "obligation to be reasonable is not excused by its allegations of connections between" the non-party and the opposing party).

[2] In an attempt to illustrate the relationship between Microsoft and OpenAI, Plaintiffs attach four documents, none of which were submitted for Magistrate Judge Illman's consideration.  "[A] district court is not required to consider new evidence in reviewing a magistrate judge's recommendation."  *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)).

internally at **Microsoft** could be relevant to willfulness allegations against **OpenAI**, and that Plaintiffs' belief that Microsoft may be in possession of relevant documents beyond those in possession of OpenAI is speculative. Dkt. 383 at 2.

Plaintiffs' criticism of Magistrate Judge Illman's discussion of the "substantial need" standard is unfounded. Magistrate Judge Illman was within his discretion to refer to the "substantial need" test. As discussed above, the universe of documents that could be sought from Microsoft must be limited to internal Microsoft documents that are not in OpenAI's possession. Any documents that potentially fall into that category are necessarily proprietary documents related to Microsoft's work in the generative AI space and, as such, constitute trade secret or commercially sensitive information requiring the "substantial need showing" or are otherwise irrelevant to Plaintiffs' claims against OpenAI. The only example Plaintiffs provide of any documents that are uniquely in Microsoft's possession, custody, or control are those discussing "Microsoft's assessment of the risks or benefits resulting from OpenAI's unlawful downloading of pirated works." Dkt. 410 at 5. However, Plaintiffs once again fail to provide *any* rationale for why such documents that focus *solely* on *Microsoft's assessment* of any risks are at all relevant to their claims against **OpenAI**. In any event, Magistrate Judge Illman also found that Plaintiffs had not met their burden under Rules 26 and 45.

Plaintiffs also incorrectly assert that Magistrate Juge Illman rejected "without explanation or analysis" Plaintiffs' argument that documents related to "when, how, and why OpenAI informed Microsoft" of its activities were "highly relevant to the willfulness element of Plaintiffs' infringement claim." *Id.* As discussed above, during the hearing, Magistrate Judge Illman correctly ruled that Plaintiffs had not met their burden of showing that discovery from Microsoft was proper as to any documents that were also in OpenAI's possession. In his Order, Magistrate Judge Illman then properly "agree[d] with Microsoft's contention that 'Plaintiffs' allegation that Microsoft's internal documents could somehow be relevant to a willfulness claim against OpenAI also rings hollow.'" Dkt. 383 at 2 (citing Dkt. 334 at 5). Thus, Magistrate Judge Illman specifically addressed this issue and correctly rejected Plaintiffs' argument.

4

NON-PARTY MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 383]
Master File No. 3:23-cv-03223-AMO

Plaintiffs' Objection is nothing more than a thinly veiled attempt by Plaintiffs to hold Microsoft to the same standard as a party to this case and obtain full blown discovery of documents that are either in OpenAI's possession or are not relevant to the claims and defenses in this case. This Court should find just as Magistrate Judge Illman did that this is improper and overrule Plaintiffs' Objection.

Dated: April 3, 2025                                    FAEGRE DRINKER BIDDLE & REATH LLP

                                                                                      By:  */s/ Jared B. Briant*
                                                                                               Jared B. Briant

Attorneys for Non-Party Microsoft Corporation

5

NON-PARTY MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 383]
Master File No. 3:23-cv-03223-AMO