**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
IN RE:                                                    :
                                                          :
OPENAI, INC.,                                             :          25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                        :
                                                          :          **OPINION & ORDER RE: OPENAI'S**
                                                          :          **ASSERTION OF ATTORNEY-CLIENT**
This Document Relates To:                                 :          **PRIVILEGE (ECF NOS. 388, 412, 423, 424,**
**23-CV-8292**                                            :          **507, 508, 509)**
**25-CV-3482**                                            :
                                                          :
                                                          :
---------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Pending now before the Court is the parties' dispute over 20 documents that OpenAI

has (1) clawed back due to privilege and (2) withheld or redacted as privileged, and which Class

Plaintiffs sought *in camera* review to challenge OpenAI's assertion of attorney-client privilege.

The Court has reviewed the *in camera* submissions and the parties' motion papers and, as

explained below, finds that, with some exceptions, the exemplar documents are not privileged.

Accordingly, Class Plaintiffs' motion to compel is **GRANTED in part, DENIED in part.**

I.       **BACKGROUND**

The Court assumes familiarity with the facts of this case. On July 30, 2025, Class

Plaintiffs filed a motion seeking *in camera* review of two sets of documents: (1) 10 documents

that OpenAI withheld or redacted based on privilege, for which Class Plaintiffs believed that no

privilege existed; and (2) 18 documents that OpenAI produced and subsequently clawed back.

(ECF 388, 412).[1] The Court heard oral argument at the August 12, 2025, status conference,

---
[1] The public, redacted motion is available at ECF 412. The sealed, unredacted motion is available at ECF 388.

(ECF 525), and directed the parties to meet and confer and, if they could not resolve the

dispute, to propose a briefing schedule for *in camera* review of the remaining disputed

documents. (ECF 459). As part of my August 15, 2025, post-conference order, I warned the

parties that if I conducted *in camera* review to resolve this dispute, I would assess costs under

Fed. R. Civ. P. 37(a)(5). (*See* ECF 459 at 3). The parties filed a joint letter on August 22, 2025,

indicating that 20 of the documents remained in dispute and Class Plaintiffs sought *in camera*

review, (ECF 474), and the Court directed the parties to file supplemental briefs by August 29,

2025. (ECF 487). The parties filed their respective supplemental briefs on August 29, 2025,

(ECF Nos. 507, 508, 509) and submitted the challenged documents directly to the Court for *in*

*camera* review.

## II.    LEGAL STANDARD

Generally, parties may obtain discovery on any nonprivileged matter that is relevant to

any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Communications that are protected by the

attorney-client privilege, however, are shielded from discovery. *Hayden v. Int'l Bus. Machs.*

*Corp.*, 21-CV-2485 (VB) (JCM), 2023 WL 4622914, at *3 (S.D.N.Y. July 14, 2023). "Attorney-client

privilege protects 'communications (1) between a client and his or her attorney (2) that are

intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing

legal advice.'" *Id.* (quoting *U.S. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)). Where, as here, a

case contemplates federal and state law claims, federal law governs assertions of privilege.

*Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 13-CV-8997 (JPO) (GWG), 2015 WL

3450045, at *2 (S.D.N.Y. May 28, 2015).

Attorney-client privilege only applies where the communication in question is "primarily

or predominantly of legal character." *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 428 (S.D.N.Y.

2013). "Fundamentally, legal advice involves the interpretation and application of legal

principles to guide future conduct or to assess past conduct." *In re County of Erie*, 473 F.3d 413,

419 (2d Cir. 2007). Where a party only asserts privilege over a limited portion of a document,

courts in this Circuit "routinely consider the predominant purpose of [the] isolated portion." *In*

*re Google Digital Advertising Antitrust Litigation*, 21-MD-3010 (PKC), 2023 WL 196146, at *2

n. 1 (S.D.N.Y. Jan. 17, 2023). "The burden is on a party claiming the protection of a privilege to

establish those facts that are the essential elements of the privileged relationship," and they

"must do so by competent and <u>specific evidence</u>, rather than by conclusory or *ipse dixit*

assertions." *Hayden*, 2023 WL 4522914, at *3.

## III.    DISCUSSION[2]

### A.  <u>Log No. 4</u>[3]

This document is an excel spreadsheet with various entries written by OpenAI

employees that describe and evaluate their prompts to and output responses from an

unnamed ChatGPT model. OpenAI asserts that this spreadsheet was created at the direction of

OpenAI's in-house attorneys for employees and counsel to "collaborate" and communicate

regarding copyright compliance measures for product outputs, and contains requests for legal

advice. (ECF 509 at 2). However, the document bears no "Privileged and Confidential" or similar

legend; contains no comments or entries from in-house counsel; and contains no actual legal

advice sought or conveyed by an attorney, only noting in two isolated instances that in-house

---

[2] The names of any individual acting as an attorney for OpenAI in the communications discussed below will be <u>underlined</u>.

[3] The Court adopts the document naming convention used in OpenAI's supplemental brief. (*See* ECF 509). For the avoidance of doubt, the beginning Bates Number associated with this document is OPCO_NDCAL_1457303.

counsel should be contacted. Given the overwhelmingly business nature of the document, the mere fact that it may have been created at the direction of in-house counsel is insufficient to confer privilege over this document. *See In re Rivastigmine Patent Lit.*, 237 F.R.D. 69, 80 (S.D.N.Y. 2006) ("[A] document will not become privileged simply because an attorney recommended its preparation if it contains merely business-related or technical communications between corporate employees.").[4] This document is not privileged and must be produced.

B. <u>Log No. 5</u>[5]

Attorney-client privilege "protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation." *U.S. v. Global Bus. Travel Grp., Inc.*, 25-CV-215 (JSR) (GS), 2025 WL 1753214, at *3 (S.D.N.Y. June 18, 2025). Because the redacted portion of this document reflects a recounting by Peter Hoeschele to Angela Jiang of prior legal advice rendered by <u>Che Chang</u>, OpenAI's in-house counsel, it is privileged and need not be produced.

C. <u>Log No. 11</u>[6]

This document is an internal email thread with the subject line "RE: Codex model improvement ideas" between OpenAI employees Peter Welinder, Zaremba Wojciech, Weizhu

---

[4] *See also TIG Ins. Co. v. Swiss Reinsurance Am. Co.*, 21-CV-8975 (NSR) (JCM), 2023 WL 6058649, at *3 (S.D.N.Y. Sept. 18, 2023) ("Application of the attorney-client privilege to the corporate context poses special problems… The court therefore must proceed cautiously, recognizing that the application of the privilege risks creating an intolerably large zone of sanctuary since many corporations continuously consult attorneys. In cases involving corporations and in-house counsel, courts have maintained a stricter standard for determining whether to protect confidential information through the attorney-client privilege.").

[5] The beginning Bates Number associated with this document is OPCO_NDCAL_1464177.

[6] The beginning Bates Number associated with this document is OPCO_NDCAL_1479064.

Chen, Misha Bilenko, and Katie Mayer without the presence of an attorney. It discusses training

various ChatGPT models, the redacted portions of which OpenAI claims are requests for

confidential legal advice from OpenAI's in-house counsel. On its face, the first redaction

recounts a legal question that was previously communicated to in-house counsel; this redaction

is privileged. *Global Bus. Travel Grp.*, 2025 WL 1753214, at *3. The second redaction, however,

is merely a general question between Peter Welinder and Katie Mayer with no reference to any

legal advice sought or rendered by counsel; this redacted portion is not privileged and must be

produced.

     D.  <u>Log No. 12</u>[7]

     This document contains internal messages between Angela Jiang, Fraser Kelton, and

Peter Welinder, among other OpenAI employees, without the presence of an attorney,

regarding technical issues and associated risks for particular models. OpenAI asserts that the

four redacted portions of these communications recount confidential legal advice from <u>Che</u>

<u>Chang</u>. The first, second, and fourth redacted paragraphs are not privileged and must be

produced. These messages between corporate employees do not contain or reflect any prior

legal advice rendered by in-house counsel or the application of legal principles to past or future

conduct.[8] *In re County of Erie*, 473 F.3d at 419. Attorney-client privilege cannot be based on the

mere discussion of potential legal issues between non-attorney employees. The first two

sentences of the third paragraph recount prior legal advice rendered by OpenAI's in-house

---

[7] The beginning Bates Number associated with this document is OPCO_NDCAL_1499972.

[8] The second redacted paragraph includes a hyperlink seemingly to another communication that is unavailable to the Court. Neither OpenAI's supplemental brief nor its expert declaration (ECF 509-2) explain what the hyperlinked comment is. In the absence of any additional information, OpenAI has failed to sustain its burden to demonstrate that this particular redaction is privileged. *Hayden*, 2023 WL 4522914, at *3.

counsel and are therefore privileged and thus should be redacted. The third sentence of the

third paragraph, however, only says that Angela Jiang will communicate on an issue, and that

certain other issues have been "fixed," neither of which reflects prior legal advice rendered by

Che Chang—this is not privileged and must be produced.

     E.  Log Nos. 14-18[9]

Log Nos. 14-18 contain numerous messages sent on a "privileged Slack channel" with

OpenAI's counsel present to, as OpenAI asserts, seek and provide legal advice regarding

copyright law, legal strategy, and product legal counseling. (ECF 509 at 3). OpenAI asserts that

the "privileged" channel was created at the direction of OpenAI's General Counsel, Jason Kwon.

As an initial matter, communications do not become privileged "simply because an

attorney recommended its preparation if it contains merely business-related or technical

communications between corporate employees." *In re Rivastigmine Patent Litigation*, 237

F.R.D. at 80. Moreover, simply "copying a lawyer on a communication does not render it

privileged." *Hayden*, 2023 WL 4622914, at *4. Thus, even if the Slack channel may have been

made at the direction of OpenAI's General Counsel, I do not find that all the communications in

the channel are *de facto* privileged, and will assess each privilege claim independently.[10]

---

[9] The beginning Bates Numbers associated with these documents are OPCO_NDCAL_1615282, OPCO_NDCAL_1615286, OPCO_NDCAL_1615287, OPCO_NDCAL_1615288, and OPCO_NDCAL_1615292.

[10] Various courts, including this one, have taken the same approach to individual emails present in an email chain, finding that each email is a separate communication that requires an individualized justification to assert privilege. *See, e.g.*, *Kleeberg v. Eber*, 16-CV-9517 (LAK) (KHP), 2019 WL 2085412, at *16 (S.D.N.Y. May 13, 2019) ("It appears that these emails were marked privileged based on the assumption that, where an attorney … is included on an email chain, the entire communication is privileged. That is clearly not the law."); *BNP Paribas v. Bank of New York Trust Co., N.A.*, 11-CV-350 (PGG) (HBP) 2013 WL 2434686, at *5 (S.D.N.Y. June 5, 2013) ("Some emails within an email chain are not covered by the same privilege or protection as other emails within the chain. Thus, each email must be addressed individually."). *See also N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 503 (4th Cir. 2011) ("Generally, each e-mail within a particular line of discussion must be analyzed separately for privilege purposes."); *Farrell v. U.S. Olympic & Paralympic Committee*, 20-CV-1178 (FJS) (CFH), 2023 WL 4033290, at *15 (N.D.N.Y. June 15, 2023) ("The Court finds that the final e-mail of the chain … is protected by the attorney-client privilege …, but that the remainder of the e-mail is not attorney-client privileged."); *Sia Chue Yang v. Schwarzenegger*, 09-2306

Log No. 14 (OPCO_NDCAL_1615282) contains Slack messages between Adam Nace, Alex Paino, Bob McGrew, Matt Knight, Nick Ryder, Lilian Weng, Jeff Wu, Jakub Pachocki, Jason Kwon, and Che Chang about deleting Library Genesis; OpenAI has withheld these Slack messages entirely. The vast majority of these withheld Slack messages are "plainly devoid of any request for legal advice," and "counsel does not once weigh in." *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 324 (S.D.N.Y. 2020) (finding no attorney-client privilege and ordering production of a string of emails between non-legal employees where counsel was merely copied and did not contribute). The only participation by counsel in this document occurs when Jason Kwon changes the name of the Slack channel (i.e., the document title) from "excise-libgen" to "project-clear," which is not privileged because document titles and changes to document titles are not privileged, notwithstanding the privileged status of any information contained in the document, unless the title itself, "without reference to the document's contents, reveals privileged information." *Mitre Sports Int'l Ltd. v. Home Box Office, Inc.*, 08-CV-9117 (GBD) (HBP), 2010 WL 11594991, at *15 n. 45 (S.D.N.Y. Oct. 14, 2010). *C.f. Favors v. Cuomo*, 285 F.R.D. 187, 223 (E.D.N.Y. Aug. 10, 2012) ("[T]here is no good reason why privilege logs should not include— where to do so would not itself reveal privileged or protected information—other readily accessible metadata for electronic documents, including, but not limited to … subject line[s]."); *AIU Ins. Co. v. TIG Ins. Co.*, 07-CV-7052 (SHS) (HBP), 2009 WL 1953039, at *5 (S.D.N.Y. July 8,

---

(CW) (JL), 2010 WL 11587074, at *1 (N.D. Cal. May 12, 2010) ("The Court further orders Defendants to identify each individual email, not merely email 'strings.' Each email is a separate communication, for which a privilege may or may not be applicable.") (quoting *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 07-1359 (PJH) (JL), 2008 WL 4547190, at *1 (N.D. Cal. Oct. 10, 2008)); *Rhoads Indus., Inc. v. Bld. Materials Corp. of Am.*, 254 F.R.D. 238 (E.D. Penn. 2008) ("[E]ach message of the [email] string which is privileged must be separately logged.").

2009) (citing *U.S. v. Philip Morris USA, Inc.*, CIV. A. 99-2496 (GK), 449 F. Supp. 2d 1, 943, 2006 WL 2380681, at *6 (D.D.C. Aug. 17, 2006)).[11]

The only communications in Log No. 14 that may be construed as a direct request for legal advice to counsel is the message from Bob McGrew to Jason Kwon and Matt Knight, and the response to Bob McGrew from Alex Paino at the top of page three of this document (OPCO_NDCAL_1615284). These messages are likely privileged and may remain redacted for now. The remainder of Log No. 14 must be produced without redaction.[12]

Log No. 15 (OPCO_NDCAL_1615286) contains Slack messages between Bob McGrew, Jakub Pachocki, Jeff Wu, and Jason Kwon regarding deleting Library Genesis. The first message from Bob McGrew was present in the portion of Log No. 14 that I found above is not privileged, and is therefore not privileged here as well. Nor do the responses from Jason Kwon and Jakub Pachocki to Bob McGrew's message clearly reflect on their face communications for the predominant purposes of seeking or rendering legal advice. OpenAI's conclusory allegations that the messages relate to legal advice sought or received from in-house counsel, as opposed to business discussions, are insufficient to carry their burden of providing specific evidence in support of their privilege assertion, particularly given Jason Kwon's role as in-house counsel for OpenAI. *Hayden*, 2023 WL 4522914, at *3-4; *see also In re Aenergy*, 451 F. Supp. 3d at 323

---

[11] Other courts in this Circuit have recognized that email subject lines may themselves be privileged where they contain legal advice or requests for legal advice. *See NovaFund Advisors, LLC v. Capitala Group, LLC*, 2021 WL 2109112, at *5 (D. Conn. May 25, 2021) (citing *Sessions v. Sloane*, 789 S.E.2d 844, 857 (N.C. Ct. App. July 19, 2016)).

[12] The message from Bob McGrew to Jason Kwon is a response to a "general question" from Alex Paino. It is not clear from the face of the document that, nor does OpenAI's supplemental brief or expert declarations provide specific evidence that, Alex Paino's message was sent with the primary purpose of seeking legal advice. *Hayden*, 2023 WL 4522914, at *3. In line with the other messages contained in this document, the message appears to have been sent for primarily business and technical purposes. That Jason Kwon's (OpenAI's General Counsel) and Alex Paino's subsequent messages may be privileged does not confer privilege upon Alex Paino's prior, unprivileged message.

(finding attorney-client privilege did not apply to an email chain that included in-house counsel where there was "no evidence that obtaining legal advice was the impetus behind" the email).[13]

It is unclear from its content whether the subsequent message from Jeff Wu reflects a request for legal advice—the message is not clearly directed to counsel, but it is also not clearly directed to anyone else in the Slack channel, and the only response is from <u>Jason Kwon</u> approximately 24 hours later. However, OpenAI's supplemental brief and expert declaration in support (ECF 509-5) merely provide *ipse dixit* assertions that the message was sent for the purpose of obtaining legal advice—this is insufficient to sustain OpenAI's burden of demonstrating the message is privileged, *Hayden*, 2023 WL 4522914, at *3, and this message must be produced. The final message is <u>Jason Kwon's</u> response to Jeff Wu's message. Because <u>Jason Kwon's</u> response appears to be providing legal advice, it is likely privileged and may remain redacted for now.

Log No. 16 (OPCO_NDCAL_1615287) contains two Slack messages from Bob McGrew, the first of which is directed to Jakub Pachocki regarding the deletion of Library Genesis. The first message is present in the non-privileged portion of Log Nos. 14 and 15 and is not privileged. The second message is a response by Bob McGrew to his own message that contains no request for or recounting of legal advice. These messages are not privileged and must be produced in full.

---

[13] "In light of the two hats often worn by in-house lawyers, communications between a corporation's employees and its in-house counsel though subject to the attorney-client privilege must be scrutinized carefully to determine whether the predominant purpose of the communication was to convey business advice and information or, alternatively, to obtain or provide legal advice." *In re Aenergy*, 451 F. Supp. 3d at 323 (internal quotation marks omitted). *See also TIG Ins. Co.*, 2023 WL 6058649, at *3.

Because the portions of Log Nos. 14 and 15 identified above that are likely privileged and the documents withheld under Log Nos. 17 and 18 also relate to the parties' supplemental briefing on whether OpenAI has waived privilege regarding the reasons for the deletion of the Books1 and Books2 datasets, (*see* ECF 594), the Court reserves its decision on the applicability of attorney-client privilege as to these Logs, which may remain redacted or withheld pending that decision.

### F.  Log No. 21 [14]

This document contains Slack messages between Gretchen Krueger, Steven Adler, Miles Brundage, Bob McGrew, Jan Leike, and <u>Cullen O'Keefe</u> in a Slack Channel titled "msft-dsb-working-group." <u>O'Keefe</u> previously served as a member of OpenAI's legal department but was no longer an attorney at the time of these communications. The redacted Slack messages at issue discuss procedure and other considerations related to Microsoft for OpenAI's anticipated internal product launches. Because the redacted messages reflect Cullen O'Keefe recalling legal advice that he provided when he was still operating as an attorney for OpenAI, the redacted messages are privileged and need not be produced. *See Global Bus. Travel Grp.*, 2025 WL 1753214, at *3.

### G.  Log No. 27 [15]

This document contains an email thread with the subject line "Expanding our books (or long-form text) corpus" between Daniela Amodei, Benjamin Chess, Alec Radford, Dario Amodei, and David Luan, none of whom are or were attorneys, regarding different sources for books

---

[14] The beginning Bates Number associated with this document is OPCO_SDNY_1623071.

[15] The beginning Bates Number associated with this document is OPCO_SDNY_1532672.

data. OpenAI asserts that the redacted portions of this document reflect communications that recount legal advice provided by David Lansky, who served at the time as OpenAI's in-house counsel. (ECF 509 at 3). The redactions to the February 19 email from Benjamin Chess do not reflect or even discuss legal advice provided by David Lansky. In the absence of an attorney-client relationship, the discussion of legal issues between two non-attorneys is not protected by attorney-client privilege. *See Hayden*, 2023 WL 4622914, at *3 ("Attorney-client privilege protects communications (1) between a client and [their] attorney.") (internal quotation marks omitted). This email is thus not privileged and must be produced. The Wednesday February 20 email from Daniela Amodei does summarize a conversation with David Lansky about particular legal issues. The language "Alec and I chatted with David Lansky" is not privileged, however, and must be produced,[16] but the remainder of the redaction to this email is privileged and may remain redacted.

H.    Log No. 29.[17]

This document contains Slack messages between Wojciech Zaremba, Mira Murati, Greg Brockman, John Schulman, Ilya Sutskever, Henrique Ponde De Oliveira Pinto, and Che Chang regarding model safety and training and Library Genesis. OpenAI asserts that the redacted communications reflect prior legal advice that they received. To the contrary, the first two redacted messages are OpenAI employees contemplating not listening to legal advice (without saying what that advice was) and asking whether the lawyers had an answer on a pending legal

---

[16] Information that would normally go into a privilege log and underlying facts, such as that a conversation between a client and their attorney took place, are not privileged. *See Bennett v. Cuomo*, 2024 WL 80271, at *9 (S.D.N.Y. Jan. 8, 2024) ("[A]ttorney-client privilege protects communications, not underlying facts.").

[17] The beginning Bates Number associated with this document is OPCO_SDNY_1625228.

question (again, without disclosing the legal question)—neither of these messages are privileged and must be produced. The third message is a re-post of a message from OpenAI's in-house counsel, Che Chang, discussing general legal concerns. This message is privileged and need not be produced.

### I.  Log No. 30[18]

This document contains Slack messages between Wojciech Zaremba, Bob McGrew, Sam Altman, Greg Brockman, John Schulman, and Ilya Sutskever, none of whom are attorneys. Because the redacted Slack messages summarize and discuss legal advice rendered by OpenAI's legal team and business decisions based on that legal advice, these messages are privileged and may be redacted.

### J.  Log Nos. 1, 6-10, 13[19]

Because there is insufficient information in the documents submitted *in camera* and in OpenAI's briefing, the Court reserves its decision on the applicability of attorney-client privilege to Log Nos. 1, 6-10, and 13, which contain Slack messages between a number of OpenAI employees regarding model commercialization and associated risks. The parties are directed to meet and confer on the redactions to these documents in light of the Court's determinations above by **October 6, 2025**. If the parties cannot resolve the dispute as to these logs and further *in camera* review is needed, OpenAI's supplemental briefing as to these logs (which is limited to

---

[18] The beginning Bates Number associated with this document is OPCO_SDNY_1625233.

[19] The beginning Bates Numbers associated with these documents are OPCO_NDCAL_0640171, OPCO_NDCAL_1464960, OPCO_NDCAL_1464964, OPCO_NDCAL_1470383, OPCO_NDCAL_1472044, OPCO_NDCAL_1472052, and OPCO_NDCAL_1500283.

1,500 words) is due by **October 10, 2025,** and must provide sufficient <u>facts</u> to allow the Court to

determine whether the redacted information is of a business or legal nature.

IV.    **CONCLUSION**

For the foregoing reasons, Class Plaintiffs' motion to compel (ECF Nos. 388, 412) is

**GRANTED in part and DENIED in part** as follows:

1) OpenAI has demonstrated that the following communications are protected by

   attorney-client privilege, and Class Plaintiffs' motion is **DENIED** as to these

   documents and redactions:

   - Log No. 5;

   - the first redaction to Log No. 11;

   - the first two sentences of the third redacted paragraph to Log No. 12;

   - the redacted messages from Bob McGrew and the response from Alex

     Paino on page 3 of Log No. 14 (OPCO_NDCAL_1615284);

   - the final redacted message from Jason Kwon in Log No. 15;

   - the redactions to Log No. 21;

   - the February 20 email from Daniela Amodei in Log No. 27;

   - the third redaction to Log No. 29; and

   - Log No. 30;

2) OpenAI has failed to demonstrate that the following communications are

   protected by attorney-client privilege, and Class Plaintiffs' motion is **GRANTED** as

   to these documents and redactions:

   - Log No. 4;

   - the second redaction to Log No. 11;

- the first, second, and fourth redacted paragraphs and the third sentence of the third redacted paragraph to Log No. 12;

- the remainder of Log Nos. 14 and 15;

- Log No. 16;

- the February 19 email from Benjamin Chess in Log No. 27;

- and the first two redactions to Log No. 29; and the first three redactions and the second paragraph of the fourth redaction to Log No. 30.

OpenAI is directed to produce to Plaintiff all copies of log entries, or portions of log entries, that this Court has determined are not protected by attorney-client privilege.

Because the majority of the documents assessed *in camera* are not privileged in whole or in part, Class Plaintiffs may be entitled to reasonable expenses incurred in making, briefing, and arguing this motion under Fed. R. Civ. P. 37(a)(5). (*See* ECF 459 at 3); *see also* Fed. R. Civ. P. 37(a)(5). If Class Plaintiffs elect to do so, they may file a motion for costs under Fed. R. Civ. P. 37(a)(5), and may submit their billing records under seal, no later than **November 7, 2025.**

The Clerk of Court is respectfully directed to close ECF Nos. 388, 412

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: October 1, 2025                      **Ona T. Wang**
     New York, New York            United States Magistrate Judge