

December 1, 2025

*VIA ECF*

Hon. Sidney H. Stein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: *All Counsel of Record (via ECF)*

Re:    ***OpenAI's Letter Request for Stay Pending Rule 72 Objection to ECF 846***; *In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW. This document relates to Case Nos. 1:25-md-03143-SHS-OTW; 1:23-cv-08292-SHS-OTW; 1:23-cv-10211-SHS-OTW; 1:24-cv-00084-SHS-OTW; 1:25-cv-03291-SHS-OTW; 1:25-cv-03482-SHS-OTW; 1:25-cv-03483-SHS-OTW.[1]

Dear Judge Stein:

OpenAI respectfully requests that the Court temporarily stay enforcement of Magistrate Judge Wang's November 24, 2025 Opinion and Order (ECF 846, the "Order") to permit OpenAI to file timely objections under Federal Rule of Civil Procedure 72 on December 8, and to allow this Court sufficient time to resolve those objections. The Order compels production of OpenAI's attorney-client communications and directs depositions of OpenAI's in-house counsel on matters the Magistrate Judge recognized are privileged. Absent a temporary stay, OpenAI will be irreparably harmed: once its privileged material is disclosed, the confidentiality that the attorney-client privilege protects cannot be restored.

The deadlines set by the Magistrate Judge are imminent. The Order directs OpenAI to produce privileged documents "**forthwith**" and to complete its production no later than **December 8**. Order at 27–28. The Order further requires OpenAI to identify in-house counsel involved in privileged oral communications by **December 5**, and to make them available for deposition on privileged matters no later than **December 19**. *Id.* at 28. A temporary stay is therefore necessary to maintain the status quo and preserve OpenAI's rights while this Court considers the serious legal flaws in the Order. The requested stay will not prejudice Class Plaintiffs, who will retain the opportunity to pursue the discovery if the Order is upheld, but it is essential to prevent irreparable harm to OpenAI in the interim. OpenAI sought a stay of the

---

[1] All internal quotation marks and citations have been removed, and all emphases added, unless otherwise noted. References to "ECF" cite to the MDL docket and pagination stamped by ECF.

Page 2

Order from Magistrate Judge Wang on November 25, *see* ECF 877, but as of the time of the filing of this motion, that request remains pending.

This Court considers four factors in deciding whether a stay should be issued: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *S.E.C. v. Citigroup Glob. Mkts. Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The decision whether to issue a stay is firmly within a district court's discretion, and in balancing the relevant factors the basic goal is to avoid prejudice." *In re Kidd*, 20-mc-00016 (KAD), 2020 WL 3035960, at \*3 (D. Conn. June 5, 2020). All four factors support issuing a stay.

## I.    OpenAI is likely to succeed on its appeal.

"The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006). While OpenAI is likely to succeed on its appeal,[2] it need not demonstrate "a high probability of success" to merit a stay due to the grave and irreparable harm it will suffer absent one. *In re Suprema Specialties, Inc.*, 330 B.R. 93, 95 (S.D.N.Y. 2005).

***First***, the Order's conclusion that OpenAI "waived privilege by making a moving target of its privilege assertions" is clearly erroneous and contrary to law. Order at 16. To begin with, the Order's premise that OpenAI "shifted" its position misreads the record. OpenAI has consistently maintained that the reasons for the removal of the Books1 and Books2 datasets are privileged because they were legal decisions made in consultation with counsel. *See, e.g.*, ECF 428, 504, 615, 692-1. The Order's incorrect "moving-target" holding relies on two discovery letters from 2024, where OpenAI said in passing that the Books1 and Books2 datasets were removed "due to" non-use. Order at 15–17. Those letters were *not* intended to disclose the *reasons* for removal, which were (and remain) privileged. Rather, those letters were meant to inform the Court and opposing counsel of the non-privileged *fact* that OpenAI stopped using the datasets years earlier and was investigating whether it could locate copies of the datasets (which it later found and produced). To avoid any ambiguity, OpenAI revised the letters in June 2025 to omit the "due to" phrasing and reaffirm that the reasons for deletion remain privileged. Consistent with OpenAI's distinction between the privileged reasons for deletion, on the one hand, and the non-privileged fact of the non-use of the datasets at the time of their removal, on the other, Plaintiffs have obtained discovery regarding the fact of non-use of the datasets. *See, e.g.*, ECF 413-1 at 58:15–60:23. What remains privileged—and what OpenAI has never disclosed—are the legal reasons for the removal of the datasets.

---

[2] The reasons for vacating the Order described herein are non-exhaustive and will be explained in further detail in OpenAI's forthcoming Rule 72 objections.

Page 3

But even if OpenAI had taken inconsistent positions, that would not justify the draconian sanction of a forced privilege waiver. This court's decisions reserve privilege waivers based on litigation conduct for "willful[l]" or "cavalier" violations of the federal or local rules—not clarifications of a party's position. *See In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 299 (S.D.N.Y. 2003). The Order's findings come nowhere close to meeting this demanding standard.

***Second***, the Order's at-issue waiver ruling dramatically expands waiver law in an unprecedented manner. The Order never identifies *any* privileged communication that OpenAI voluntarily disclosed that would give rise to waiver. Instead, the Order holds that OpenAI "put[] its good faith and state of mind at issue" merely by denying in its answer Class Plaintiffs' allegations of willful infringement. Order at 17–19. Under the Order's logic, *any* defendant in *any* copyright case who denies willful infringement automatically waives privilege—even when, as here, the defendant expressly disclaims reliance on advice of counsel. The Order's sweeping expansion of the at-issue waiver doctrine finds no support in Second Circuit law. To the contrary, courts have repeatedly held that plaintiffs cannot "force [a defendant] to waive its privilege implicitly" by pleading a theory that brings "knowledge and good faith into issue." *Gardner v. Major Auto. Cos., Inc.*, 11 Civ. 1664 (FB) (VMS), 2014 WL 1330961, at *7 (E.D.N.Y. Mar. 31, 2014) (cleaned up). The Order's reasoning turns the burden of proving willfulness on its head. "[I]t is not [OpenAI's] burden to show a lack of willfulness." *McDermott v. Kalita Mukul Creative Inc.*, 757 F. Supp. 3d 301, 315 (E.D.N.Y. 2024). The Order effectively transforms Rule 8 denials into automatic waivers, eviscerating attorney-client privilege in any case where a plaintiff alleges willful infringement.

***Third***, even if some waiver occurred (and none did), the Order's sweeping subject-matter waiver is far broader than Second Circuit law allows. The Order compels disclosure of "*all* communications in 2022" related to the reasons for removal of (a) the Books1 and Books2 datasets and (b) internal references to LibGen. Order at 27. But subject matter waiver is "invoked most often where the privilege-holder has attempted to use the privilege as both 'a sword' and 'a shield' or where the attacking party has been prejudiced at trial." *In re von Bulow*, 828 F.2d 94, 102–03 (2d Cir. 1987). OpenAI has not used any privileged communication as a "sword," has not relied on privileged advice to defend itself, and has not introduced part of a privileged communication to gain an advantage. To the contrary, OpenAI has expressly disclaimed reliance on legal advice. Plaintiffs have suffered no prejudice, much less prejudice "at trial." *Id.* Under these facts, the Order's imposition of a broad subject-matter waiver was erroneous. *See id.* at 103 (reversing district court's "broad court-imposed subject matter waiver" where there was "no reason in logic or equity to broaden the waiver beyond those matters actually revealed.").

Since OpenAI has "established that there is a sufficiently serious legal issue meriting a stay," the first factor favors OpenAI. *In re Suprema Specialties*, 330 B.R. at 95.

Page 4

## II.    OpenAI will be irreparably injured without an immediate stay.

OpenAI will be irreparably harmed if it is forced to produce privileged documents and if its in-house lawyers must reveal privileged information regarding the legal reasons for removal of the Books1 and Books2 datasets. "[A]n order that information be produced that brushes aside a litigant's claim of a privilege not to disclose, leaves only an appeal after judgment as a remedy," which is "*inadequate at best.*" *In re von Bulow*, 828 F.2d at 98. Indeed, "[c]ompliance with the order destroys the right sought to be protected." *Id.* As another court put it, "an appeal after disclosure of the privileged communications is an inadequate remedy for the *irreparable harm* a party likely will suffer if erroneously required to disclose privileged materials or communications." *Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010).

Class Plaintiffs have asserted that, if the Order is reversed, OpenAI can later "claw back any privileged documents" that it produces or "strik[e]" deposition transcripts of its in-house attorneys. ECF 881 at 2. This argument misses the point. "[T]here is no way to unring the bell of disclosure of privileged communications," which is an irreparable harm in and of itself. *See Skillz Platform Inc. v. AviaGames Inc.*, 21-cv-02436-BLF, 2023 WL 7283886, at *2 (N.D. Cal. Nov. 2, 2023) (granting stay pending ruling on Rule 72 objections). OpenAI will be irreparably harmed by being compelled "to provide the very discovery it argues it has no obligation to produce." *First City, Texas-Houston, N.A. v. Rafidain Bank*, 131 F. Supp. 2d 540, 543 (S.D.N.Y. 2001). Class Plaintiffs have cited no case—and OpenAI is aware of none—holding that the compelled disclosure of privileged information is not irreparable harm. *See* ECF 881 at 2.

In short, the irreparable-harm factor tips sharply in favor of a stay.

## III.    A temporary stay will not substantially injure Class Plaintiffs.

Class Plaintiffs "will not be substantially prejudiced by a brief stay pending the Court's resolution of [OpenAI's] Rule 72 motion." *Skillz Platform*, 2023 WL 7283886, at *2. Class Plaintiffs assert that they will be prejudiced because they have scheduled "six depositions" of witnesses "who Plaintiffs intend to ask about the conduct which is the subject of the Court's Order." ECF 881 at 2. But that only underscores the imminent irreparable harm *to OpenAI.* Absent a stay of the Order, Class Plaintiffs admit that they intend to elicit privileged information from OpenAI's witnesses in multiple depositions in the coming weeks. At bottom, the only "prejudice" that Class Plaintiffs can identify is purported delay in the production of documents withheld as privileged and the depositions of OpenAI's in-house attorneys. *See id.* But "a short delay, which is occasioned by almost all interlocutory appeals," is not "substantial harm." *Apple Inc. v. Samsung Elecs. Co.*, 11-cv-01846-LHK-PSG, 2015 WL 13711858, at *1 (N.D. Cal. Apr. 7, 2015). Thus, the substantial-injury factor also tips in favor of granting a temporary stay.

Page 5

**IV.     The public interest favors staying the Order.**

Lastly, "the public interest here is served by preserving the status quo" and allowing OpenAI to "fully pursue its appeal." *First City*, 131 F. Supp. 2d at 543. Indeed, the attorney-client privilege "promotes broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *Skillz Platform*, 2023 WL 7283886, at *2 (the "attorney-client privilege is a critical part of the relationship between attorneys and their clients"). Compelled disclosure of OpenAI's privileged communications before this Court can review the Order would undermine those interests.

* * *

For these reasons, OpenAI respectfully requests that the Court stay Magistrate Judge Wang's Order pending resolution of OpenAI's forthcoming Rule 72 objections. *See Skillz Platform*, 2023 WL 7283886, at *2 (staying magistrate order requiring disclosure of attorney-client privileged documents pending resolution of Rule 72 appeal); *Apple*, 2015 WL 13711858, at *2 (same, pending resolution of Rule 72 appeal and potential Federal Circuit appeal).

Respectfully,

| KEKER, VAN NEST & PETERS LLP[3] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ R. James Slaughter* | */s/ Margaret Graham* | */s/ Rose Lee* |
| R. James Slaughter | Margaret Graham | Rose Lee |

---

[3] All parties whose electronic signatures are included herein have consented to the filing of this document.

3871282