UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

OPENAI, INC.,

COPYRIGHT INFRINGEMENT LITIGATION

25-md-3143 (SHS) (OTW)

MEMORANDUM ORDER

This Document Relates To:

   *Tremblay et al. v. OpenAI, Inc. et al.*,
   25-cv-3482

SIDNEY H. STEIN, U.S. District Judge.

    On February 27, 2025—prior to this action being transferred to this Court—Magistrate Judge Robert Illman of the U.S. District Court for the Northern District of California denied plaintiffs' request to add OpenAI employee Katie Mayer as a document custodian for purposes of discovery. Plaintiffs have requested that the Court vacate Judge Illman's Order pursuant to Federal Rule of Civil Procedure 72(a). The Court declines to do so because that Order is neither clearly erroneous nor contrary to law.

    A district judge may vacate a magistrate judge's order on a non-dispositive matter such as a discovery ruling only if the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "An order is 'clearly erroneous' only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dass v. City Univ. of N.Y.*, No. 18-cv-11325, 2022 WL 16737028, at *2 (S.D.N.Y. Nov. 7, 2022) (quoting *JPMorgan Chase Bank, N.A. v. Reifler*, No. 11-cv-4016, 2016 WL 10570981, at *2 (S.D.N.Y. July 14, 2016)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (quoting *Lan v. Time Warner, Inc.*, No. 11-cv-2870, 2016 WL 928731, at *1 (S.D.N.Y. Feb. 9, 2016)). "It is well settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference . . . ." *JPMorgan*, 2016 WL 10570981, at *2.

    Plaintiffs have contended before both this Court and Judge Illman that Mayer should be added as a custodian because plaintiffs "have come to believe—based on reviewing discovery—that Ms. Mayer's [relationship] with Microsoft was more than

that of a 'mere pencil pusher' . . . ." (Dkt. No. 358[1] ("Order") at 1; *see* Dkt. No. 389-1 ("Objection") at 1 (making the same contentions).) Plaintiffs conclude that Mayer "appears to have played a major, substantive role in running Open AI's relationship with Microsoft" because "Ms. Mayer was a manager of an OpenAI team that was called[] 'Microsoft.'" (Order at 1.) Plaintiffs also suggest that Mayer may have been involved in particular transfers of AI training data to Microsoft. (*See* Objection at 1.) Based on Mayer's purported role, plaintiffs urge that Mayer is likely to have unique, responsive documents that shed light on Microsoft's relationship and interactions with OpenAI. (*Id.* at 1–4.)

Judge Illman considered these arguments and determined that adding Mayer as a custodian was not appropriate. He noted that plaintiffs had "not identified any particular documents or any particular category of information that they believe Ms. Mayer, and *only* Ms. Mayer, would possess—that is, documents or information which they would be unable to secure from any of the other 28 custodians already designated in this case." (Order at 2 (emphasis in original).) He reasoned that "the mere fact that Plaintiffs now believe Ms. Mayer had a role that was more important than they previously believed to be the case does not provide a concrete foundation for their conclusory assertion that it is a possibility that she possesses unique, relevant information." (*Id.*)

Judge Illman's Order is neither clearly erroneous nor contrary to law. First, the Order is not contrary to law because it does not apply an incorrect legal standard or misapply a correct legal standard. It did not impossibly require plaintiffs to identify specific documents in order to obtain discovery of those very documents. (*Contra* Objection at 3–4.) The Order clearly concluded that plaintiffs had failed to identify "any particular category of information" that was discoverable only from Mayer, and for that reason Judge Illman determined that discovery from Mayer was not necessary in light of the extensive discovery plaintiffs would receive from other custodians. (Order at 2.) Nor, on the substance, does the Order leave the Court "with the definite and firm conviction that a mistake has been committed," so it is not clearly erroneous. *Dass*, 2022 WL 16737028, at *2. Judge Illman reasonably concluded that adding Mayer to the lengthy list of custodians was unnecessary because plaintiffs could seek information about OpenAI's relationship with Microsoft from other sources. (Order at 2–3.) This is precisely the type of balancing of burden against need in the context of discovery that a magistrate judge overseeing discovery is particularly suited to conduct. *See Bogan v. Nw. Mut. Life Ins. Co.*, 144 F.R.D. 51, 53 (S.D.N.Y. 1992) (noting that deference to

---

[1] All docket citations refer to the docket for Case No. 25-cv-3482 unless otherwise noted.

magistrate judge's discovery rulings was appropriate because he "was able to judge the entire atmosphere of the discovery process"). Plaintiffs have not shown that Judge Illman clearly erred in his balancing of these competing interests.

Accordingly, plaintiffs' motion to vacate the February 27, 2025 Order is denied.

Dated: New York, New York
       December 11, 2025

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.