# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>　　　　Defendants. | Consolidated Cases:<br><br>Civil Action No. 1:23-cv-11195-SHS-OTW |
| DAILY NEWS, LP, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO, LLC, OPENAI GLOBAL, LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>　　　　Defendants. | Civil Action No. 1:24-cv-3285-SHS-OTW |
| THE CENTER FOR INVESTIGATIVE REPORTING, INC.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC; OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>　　　　Defendants. | Civil Action No. 1:24-cv-04872-SHS-OTW |

**DEFENDANT MICROSOFT CORPORATION'S FIRST SUPPLEMENTAL CONSOLIDATED RULE 26(a)(1)(A) DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendant Microsoft Corporation ("Microsoft") hereby submits the following First Supplemental Consolidated Initial Disclosures to Plaintiffs in the above-captioned actions. These First Supplemental Consolidated Initial Disclosures are made based on the information reasonably available to Microsoft as of the date made. By making these disclosures, Microsoft does not represent that it is identifying every document, tangible thing, or witness personally relevant to this lawsuit. Microsoft's disclosures are a good faith effort to identify information in its possession that it reasonably believes at this time it may use to support its defenses or that are otherwise required by Rule 26(a)(1).

These disclosures are made without waiving the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground, and the right to object on any and all grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these First Supplemental Consolidated Initial Disclosures.

Discovery is ongoing and Microsoft has not yet had an opportunity to complete discovery and as such reserves the right to amend and/or supplement these disclosures as new, additional, or previously forgotten information becomes known and/or once discovery has been completed.

> **Category 1:** The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

Where indicated, the individuals identified below other than the individuals related to Plaintiffs, including any current or former employees of Microsoft, should only be contacted through counsel for Microsoft.

The following are persons likely to have information that Microsoft may use to support its defenses in this case:

1. Each of the named Plaintiffs.

2. One or more representatives of Alden Global Capital.

3. Jonathan Tinter, Corporate Vice President, Business Development, Microsoft. Mr. Tinter may have knowledge regarding the business relationship and collaboration agreements between Microsoft and OpenAI. Mr. Tinter may only be contacted through Microsoft's counsel of record in this action.

4. Mike Wetter, Corporate Vice President, Corporate Development, Microsoft. Mr. Wetter may have knowledge regarding the investment agreements between Microsoft and OpenAI. Mr. Wetter may only be contacted through Microsoft's counsel of record in this action.

5. Deannah (Dee) Templeton, Vice President, Technology and Research Partnerships and Operations, Microsoft. Mr. Templeton may have knowledge regarding the relationship between Microsoft and OpenAI. Ms. Templeton may only be contacted through Microsoft's counsel of record in this action.

6. Luke Melton, Software Design Engineer, Microsoft. Mr. Melton may have knowledge regarding the supercomputing infrastructure for large language model technology. Mr. Melton may only be contacted through Microsoft's counsel of record in this action.

7. Jamie Huynh, Technical Advisor, AI Data, Office of the CTO, Microsoft. Mr. Huynh may have knowledge regarding the business relationship between Microsoft and OpenAI and Microsoft's role in the joint efforts between Microsoft and OpenAI to develop large language model technology and underlying supercomputer technology. Mr. Huynh may only be contacted through Microsoft's counsel of record in this action.

8. Sarah Bird, Chief Product Officer of Responsible AI, Microsoft. Ms. Bird may have knowledge regarding Microsoft's responsible AI practices, policies, and technologies. Ms. Bird may only be contacted through Microsoft's counsel of record in this action.

9. Fabrice Canel, Principal Program Manager, Bing, Microsoft. Mr. Canel may have knowledge regarding the development, functionality, and operation of Microsoft's Bing Chat product (later renamed Copilot) and generative search technologies at issue in this case and Microsoft's Bing index. Mr. Canel may only be contacted through Microsoft's counsel of record in this action.

10. Elbio Abib, Corporate Vice President of Bing Experiences, Microsoft. Mr. Abib may have knowledge regarding the development, functionality, and operation of Microsoft's Bing Chat product (later renamed Copilot) and generative search technologies at issue in this case and Microsoft's Bing Index. Mr. Abib may only be contacted through Microsoft's counsel of record in this action.

11. Kate Cook, Senior Product Manager at Microsoft Turing, Microsoft. Ms. Cook may have knowledge regarding the development, functionality, and operation of Microsoft's Bing Chat product (later renamed Copilot) and generative search technologies at issue in this case. Ms. Cook may only be contacted through Microsoft's counsel of record in this action.

12. Jordan Usdan, Sr. Director, Strategy and Innovation, Microsoft AI, Microsoft. Mr. Usdan may have knowledge regarding Microsoft's data acquisition efforts for LLM training. Mr. Usdan may only be contacted through Microsoft's counsel of record in this action.

13. Kevin Scott, Chief Technology Officer, Microsoft. Mr. Scott may have knowledge regarding the business relationship between Microsoft and OpenAI and Microsoft's role in the joint efforts between Microsoft and OpenAI to develop large language model technology and

underlying supercomputing technology. Mr. Scott may only be contacted through Microsoft's counsel of record in this action. Microsoft will seek apex-level witness limitations and/or protections with respect to any deposition of Mr. Scott and reserves all rights respecting such deposition.

14. Satya Nadella, Chief Executive Officer, Microsoft. Mr. Nadella may have knowledge regarding the business relationship between Microsoft and OpenAI; Microsoft's role in the joint efforts between Microsoft and OpenAI to develop large language model technology and underlying supercomputer technology; and the development, functionality, and operation of Microsoft's Bing Chat product (later renamed Copilot) and generative search technologies at issue in this case. Mr. Nadella may only be contacted through Microsoft's counsel of record in this action. Microsoft will seek apex-level witness limitations and/or protections with respect to any deposition of Mr. Nadella and reserves all rights respecting such deposition.

15. Deirdre Quarnstrom, Vice President, Education, Microsoft. Ms. Quarnstrom may have knowledge regarding use of Microsoft Generative AI products in the education space. Ms. Quarnstrom may only be contacted through Microsoft's counsel of record.

16. Joe Petro, Corporate Vice President, Microsoft Healthcare & Life Sciences, Microsoft. Mr. Petro may have knowledge regarding use of Microsoft Generative AI products in the health care and medical space. Mr. Petro may only be contacted through Microsoft's counsel of record.

17. Bonnie Kruft, Managing Director, Microsoft Research, AI for Science. Ms. Kruft may have knowledge regarding use of Microsoft Generative AI products in the research and science space. Ms. Kruft may only be contacted through Microsoft's counsel of record.

18. Lovella Lagdaan, Senior Program Manager, Microsoft. Ms. Lagdaan may have

knowledge regarding the use of Microsoft Generative AI products in the general business space. Ms. Lagdaan may only be contacted through Microsoft's counsel of record.

Microsoft reserves the right to rely on discoverable information from individuals identified in any other Party's disclosures.

**Category 2:** A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

The following are the descriptions by category of all documents and things that Microsoft currently has in its possession, custody, or control of which it is currently aware that may be used to support its defenses. Microsoft reserves the right to rely on any documents or information produced by any other Party.

1. Documents regarding the operation and use of the large language models at issue in this case.

2. Documents regarding the supercomputing infrastructure for OpenAI's large language models and the API used by Microsoft to access the large language models.

3. Documents regarding the development, operation, and use of the Microsoft products at issue in this case.

4. Agreements between Microsoft and OpenAI defining their respective rights and obligations regarding the large language models at issue in this case and the technology needed to support those large language models.

5. Agreements between Microsoft and OpenAI defining their investment relationship and Microsoft's lack of control over OpenAI's activities.

6. Information regarding Plaintiffs' use of the Microsoft products at issue in this case.

**Category 3:** A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privilege or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

Microsoft seeks to recover its attorneys' fees and costs to the extent permitted by law.

**Category 4:** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Microsoft does not believe that any insurance coverage applies at this time.

Dated: January 16, 2026                     Respectfully submitted,

/s/ Jared B. Briant
Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
        mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
        lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000

Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

9

# CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL

This is to certify that on January 16, 2026, I directed the foregoing document to be served on all counsel of record, including the below, via email, per the parties' agreements:

| | |
|---|---|
| Liaison Counsel for Plaintiffs in: *The New York Times Company v. Microsoft Corp., et al.*, No. 1:23-cv-11195 (S.D.N.Y.) *Daily News, LP et al v Microsoft Corp. et al.*, No. 1:24-cv-3285 (S.D.N.Y.) *The Center for Investigative Reporting v. OpenAI, Inc., et al.*, No. 24-cv-04872 (S.D.N.Y.) *NYT-AI-SG-Service@simplelists.susmangodfrey.com* *DailyNews-AI-RFEM@rothwellfigg.com* *ai@loevy.com* | |
| Davida Brook **Susman Godfrey LLP** 1900 Ave. of the Stars, Suite 1400 Los Angeles, CA 90067-2906 | |

| Counsel for OpenAI Defendants *KVPOAI@keker.com* | | |
|---|---|---|
| Robert A. Van Nest | Michelle S. Ybarra | Christopher S. Sun |
| Bilal Malik | Nicholas S. Goldberg | Edward A. Bayley |
| Catherine Porto | Thomas E. Gorman | Kevin Siguo Song |
| Katie L. Joyce | R. James Slaughter | Leo L. Lam |
| Sarah Salomon | Ryan Wong | Luis Hoyos |
| Andrew S. Burns | Spencer McManus | Reid Mullen |
| Andrew Dawson | Paven Malhotra | **Keker & Van Nest LLP** |
| Erin Meyer | Olivia Malone | 633 Battery Street |
| Maile Nell Yeats-Rowe | Jamie Martinez | San Francisco, CA 94111 |

| Counsel for OpenAI Defendants *OpenAICopyrightLitigation.lwteam@lw.com* | | |
|---|---|---|
| Alllison S. Blanco **Latham & Watkins, LLP** 650 Town Center Dr., Ste. 2000 Costa Mesa, CA 92626 | Andrew M. Gass Joseph R. Wetzel, Jr. **Latham & Watkins, LLP** 505 Montgomery Street, Ste. 2000 San Francisco, CA 94111 | Allison L. Stillman Herman Heng Yue Margaret Graham Michael A. David Rachel R. Blitzer Luke Budiardjo |
| Sarang V. Damle Elana N. Dawson **Lathan & Watkins LLP** 555 Eleventh Street NW Suite 1000 Washington, D 200004 | | **Latham & Watkins LLP** 1271 Avenue of the Americas New York, NY 10020 |

| Counsel for OpenAI Defendants *OpenAICopyright@mofo.com* |
|---|

| | | |
|---|---|---|
| Joseph C. Gratz<br>Daniel Mello<br>Vera Ranieri<br>Andrew L. Perito<br>Tiffany Cheung<br>Caitlin Sinclaire Blythe<br>Joyce C. Li<br>Melody Wong<br>**Morrison & Foerster LLP**<br>425 Market Street<br>San Francisco, CA 94105-2482<br><br>Max I. Levy<br>**Morrison & Foerster LLP**<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018 | Brian M. Kramer<br>Drew Alan Hillier<br>John R. Lanham<br>Sarah Jane Vandervalk<br>**Morrison & Foerster LLP**<br>12531 High Bluff Drive,<br>Ste. 200<br>San Diego, CA 92130<br><br>Carolyn M. Homer<br>**Morrison & Foerster LLP**<br>2100 L. Street, NW, Ste. 900<br>Washington, DC 20037 | Eric Nikolaides<br>Emily Claire Wood<br>Zachary Scott Newman<br>**Morrison & Foerster LLP**<br>250 W. 55th Street<br>New York, NY 10019<br><br>Allyson Bennett<br>Rose S. Lee<br>**Morrison & Foerster LLP**<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543 |
| Counsel for OpenAI Defendants<br>*Jura.zibas@wilsonelser.com*<br><br>Jura Christine Zibas<br>**Wilson Elser Moskowitz Edelman & Dicker LLP**<br>150 East 42nd Street<br>New York, NY 10017 | | Counsel for OpenAI Defendants<br>*mkwun@kblfirm.com*<br><br>Michael S. Kwun<br>**Kwun Bhansali Lazarus LLP**<br>555 Montgomery St., Suite 750<br>San Francisco, CA 94111 |

*/s/ Shelley M. Meyer*
Shelley M. Meyer